## WACHSTEIN *v.* CHRISTOPHER.

Where one erects upon his own land a building, and projects the foundation thereof beyond the line and upon the land of an adjoining proprietor, the latter may maintain ejectment to recover possession of that portion of his property from which he has been thus ousted, notwithstanding the projection may be entirely below the surface of the soil.

Submitted March 12,—Decided May 14, 1907.

Ejectment.   Before Judge Seabrook.   Chatham superior court. February 24, 1906.

Wachstein sued Christopher, alleging, in his petition, that the plaintiff was the owner, in fee simple, of a described lot of land in the city of Savannah, and that the defendant had erected upon an adjoining lot, owned by the defendant, a brick building, the northern wall of which extended along the line between the plaintiff's lot and the defendant's lot for a distance of 75 feet; that in erecting this wall along the southern line of the plaintiff's lot, the defendant made an excavation, several feet in depth, and placed therein a brick foundation for the wall, extending the entire length thereof, and constructed the foundation beyond the line of the wall, so that it projects into, over, and upon the plaintiff's land, twelve inches at one end and four inches at the other, along the entire length of the wall; that by reason of these facts the defendant is in possession of a strip of land of the character above described,

and the plaintiff is denied the full and free possession and enjoyment of that portion of his lot; and that the defendant refuses to deliver possession of the strip of land referred to, notwithstanding the plaintiff has demanded that he remove the encroachment of his foundation. The prayer is that the defendant "be required to remove from the land of petitioner the encroachment of the foundation upon the same." The defendant demurred, on the grounds that the petition set forth no cause of action, and that the only remedy prayed for was beyond the power of the court to grant. The demurrer was sustained, and the plaintiff excepted.

*Cann, Barrow & McIntyre,* for plaintiff, cited: Civil Code, §3881; 58 Am. R. 447 (note to case reported in 74 *Ga.* 520) ; 15 Atl. (Vt.) 365-68; 19 N. E. (N. Y.) 812, 814; 83 Hun, 532 (s. c. 33 N. Y. Supp. 8) ; 22 Wis. 153; 70 N. W. (Wis.) 164; 74 N. W. (Wis.) 820; 31 Atl. (Penn.) 647; 35 N. J. Eq. 371; 46 N. W. (Mich.) 641, 643-44: 10 Am. & Eng. Enc. L. (2d ed.) 531.

*U. H. McLaws* and *W. G. Charlton,* for defendant, cited: Civil Code, §4922; 74 *Ga.* 520; 100 *Ga.* 595; 9 N. Y. (5 Seld.) 246; 2 Yeates, 331; 3 Green, 191; 15 Conn. 137; 22 Wis. 153; Adams, Ej. 16.

COBB, P. J. (After stating the facts.) The rule at common law was that ejectment would not lie for anything whereon an entry can not be made; or of which the sheriff can not deliver possession, or, in other words, it is only maintainable for corporeal hereditaments. Adams on Ejectment (Waterman's ed.), top p. 20. The thing sought to be recovered must be something which, in early times, would have been capable of livery of seizin and physical possession, and of which the owner can be disseized. Sedgwick & Wait on Trial of Title to Land, §97. The wrong sought to be remedied by the action of ejectment was the act which, in effect, constituted the ouster of possession; the remedy being the restoration of the possession to the rightful claimant. Where the wrong complained of consists of a projection over the land, above the surface, not touching or being connected with the soil, such as an overhanging roof or wall, the question as to whether ejectment is the remedy for such wrong is one about which the courts are not agreed. On the one hand it is held, that such wrong does not amount to an ouster of the possession of the soil, and that the remedy for the same is by action on the case for damages, and not by ejectment. On

the other hand it has been held, that the owner of the soil has the right of enjoyment upward and downward indefinitely, and one who erects a structure which overhangs the land of another is guilty of an ouster of the possession of the adjoining proprietor's land, notwithstanding the foundation of the structure is entirely upon the land of him who erects the same. Warvelle on Ejectment, §27; 10 Am. & Eng. Enc. of Law (2d ed.), 531; Tyler on Ejectment, 37; Newell on Ejectment, §11.

In the present case, however, we are not dealing with the projection of a roof or wall, the foundation of which is upon the adjoining property. The controversy now before us is as to the possession of the soil itself. It is true that it is below the surface, but it is tangible; and the defendant is completely in possession of a portion of the soil of the plaintiff. He has ejected the plaintiff from the premises and taken actual possession thereof himself. There has been a complete ouster of the plaintiff's possession. It is true that it does not interfere with the right of the plaintiff to use the surface in any way that he may see proper, so long as he does not desire to utilize the surface in any way that is dependent upon his ownership of that which is below it. If, however, he desires to use his property in a manner which requires excavations to be made, the moment that he undertakes this he finds the possession of his property in some one else. The mere fact that the thing sought to be recovered is below the surface is no reason why ejectment is not the appropriate remedy. It has been held that ejectment would lie for a coal mine; and this, too, although the claimant owned only the mine, without any title to the soil. Adams on Ejectment (Waterman's ed.), bottom p. 21; Sedgwick & Wait on Trial of Title to Land, §108 et seq.; Warvelle on Ejectment, §25. Dr. Warvelle, after referring to the conflict of decisions in reference to one whose rights have been interfered with by overhanging walls and the like, says: "Hence, it would seem, that if one party, building upon his own land, encroaches upon the adjoining land of his neighbor, no question should arise as to the right of the latter to maintain ejectment against the former; and, upon principle, it would further seem, that it is immaterial whether the encroachment is upon the surface of the soil, above it, or below it. In no event should a landowner be obliged to submit to invasion or compelled to part with his property, or any portion thereof, upon

the mere payment of damages by a trespasser." Warvelle on Eject-
ment, 33. See also Newell on Ejectment, §11.

But it is said that when the sheriff attempts to deliver posses-
sion he must do so by removing the foundation, and this will im-
peril, if not destroy, the building which it supports. In other
words the argument is that because the wrong-doer may sustain
damage, and serious damage, as the result of the reparation which
the law gives to the one wronged, the latter must submit to the
consequences of the wrongful act. One who ousts another from the
possession of his property must take all the consequences resulting
from the application of the appropriate remedy given by the law to
restore to the owner that of which he has been deprived. In
*Ezzard* v. *Findley Gold Mining Co., 74 Ga.* 520, the owner of land
had erected a dam across a stream upon his own land. The effect
of the dam was to overflow the land of the adjoining proprietor.
An action of ejectment was brought by him against the owner of
the dam, and it was held that his remedy was not ejectment, but an
action on the case for damages. In that case there was no ouster
of possession. The conduct of the first-mentioned proprietor was
such as to render the enjoyment by the other proprietor of his
property less complete than it would have been but for the erec-
tion of the dam. It was said that there was no adverse holding of
the land growing out of the fact that it was overflowed by water.
The plaintiff was not injured by the direct occupation of his prop-
erty, but the injury resulted as a consequence of the use to which
the defendant put his own property. The plaintiff was still in ex-
clusive possession of every foot of land that he owned. His posses-
sion was not disturbed in the slightest. There was no ouster. His
land was rendered less valuable by the wrongful act of the adjoin-
ing proprietor. He needed no remedy to recover possession. If
he had been allowed to recover a verdict in the ejectment case, and
the sheriff had gone to restore his possession, he would have found
the plaintiff already in possession. We think that case is clearly dis-
tinguishable from the one now under consideration. In the case
now before us the defendant actually entered upon the land of the
plaintiff, took possession of the same, and was using it as his own,
to the prejudice of the plaintiff's right of possession. There is
nothing in the case of *Hicks* v. *Brinson,* 100 *Ga.* 595, which con-
flicts with the view now expressed. In that case it was simply held

that the verdict in the ejectment case was void for uncertainty, and that the sheriff was properly restrained from attempting to execute a writ of possession founded thereon.

Having reached the conclusion that the better view of the matter about which there has been so much conflict of opinion among the courts is that ejectment will lie to recover land of which the plaintiff has been ousted by the erection of a foundation below the surface beyond his own line, it might be unnecessary to add anything to what we have said. But we call attention to the fact that, without reference to what the action may be called, and while counsel has argued the case as if it were an action of ejectment, it is not so styled by the pleader. The question to be determined on the demurrer to the petition, under our code practice, is, whether the facts set forth show a right in the plaintiff and a wrong by the defendant; and if so, the court having jurisdiction of the case will frame the appropriate remedy. Civil Code, §4929. In *McNorrill v. Daniel*, 121 *Ga.* 79, it was said: "The law requires the plaintiff to set forth his cause of action plainly, fully, and distinctly, and, subjected to this test, the petition is sufficient; for it shows a right in the plaintiff and a wrong by the defendant, and this is sufficient to authorize a recovery." The court erred in sustaining the demurrer to the petition.

*Judgment reversed. All the Justices concur.*