27035.   McMILLEN DEVELOPMENT CORPORATION v. BULL.

Argued February 15, 1972—Decided March 10, 1972— Rehearing denied March 23, 1972.

*Kaler, Karesh & Frankel, Samuel N. Frankel,* for appellant.

*Jones, Bird & Howell, Earle B. May, Jr., Eugene T. Branch,* for appellee.

GRICE, Justice. This appeal involves a controversy over surface water and is between parties who were adjoining property owners.

Litigation began when Frank J. Bull filed suit in the Superior Court of Fulton County against McMillen Development Corporation. In addition to damages and attorney's fees he sought temporary and permanent injunction to prohibit the defendant from allowing mud, silt and debris to accumulate and remain in a stream located on and flowing through plaintiff's property, and also from continuing to clog and stop the natural flow of water through the underground drainage system in the stream running through such property.

The defendant filed an answer denying the essential allegations of the complaint and also filed a third-party complaint against Howard Nochumson alleging that he was the cause of the plaintiff's problems.

Upon the interlocutory hearing testimony and documentary evidence were introduced.

Thereupon the trial court made findings of fact and conclusions of law. It temporarily restrained the defendant from allowing accumulations of mud, silt and debris to remain in the stream and from continuing to clog and stop the natural flow of water through the underground drainage system. The order also authorized the defendant to go upon the plaintiff's property at such times as may be necessary to perform such acts thereon as required to comply with the order; provided, however, that in doing so the defendant shall not cause additional injury or damage to the plaintiff's property.

The appeal is from this order, which is the sole enumeration of error.

1. The undisputed evidence was that the parties here, until shortly before the filing of the suit, were adjoining landowners, and that the property of the plaintiff was lower than that of the defendant.

In this situation the rule of the civil law prevails in this State. Accordingly, "'Where two city lots adjoin, the lower lot owes a servitude to the higher, so far as to receive the water which naturally runs from it, provided the owner of the latter has done no act to increase such flow by artificial means.' [Cits.] 'As to surface water, one land proprietor has no right to concentrate and collect it, and thus cause it to be discharged upon the land of a lower proprietor in greater quantities at a particular locality, or in a manner different from that in which the water would be received by the lower estate if it simply ran down upon it from the upper by the law of gravitation.' [Cits.]" *Gill v. First Christian Church,* 216 Ga. 454 (1) (117 SE2d 164).

2. In this situation we are mindful of the principle that "The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case." *Code* § 55-108. Accordingly, an abuse of discretion must be manifest before this court will interfere in the grant or refusal of an injunction.

3. Here, the evidence amply showed that the acts of the defendant constituted a nuisance which will continue during every period of heavy rainfall in recurrence of the injury. Nor is a different result required by any of the contentions made by the defendant.

(a) The fact that at the time the suit was filed the defendant had sold his property, from which the alleged cause of the injury arose, does not absolve him from being a continuing wrongdoer or from the responsibility of remedying its cause. The evidence showed that the defendant created the nuisance and that it was continuing. The trial court was authorized to restrain it and to require the defendant to cease and desist from continuing it. Compare *McFarland v. DeKalb County,* 224 Ga. 618 (1) (163 SE2d 827).

(b) The interlocutory injunction did not amount to a finding of the ultimate questions in the case and thus was not beyond the authority of the trial court to render at an interlocutory hearing. As stated above, the situation was continuing and also, the trial court concluded that the plaintiff

had no complete and adequate remedy at law. For these reasons the interlocutory injunction was necessary.

(c) An adequate remedy at law, in the form of damages, did not exist here. While the defendant contends that the evidence shows that the nuisance complained of had ceased prior to the filing of the suit, the trial court's finding of fact, not controverted by the evidence, is to the effect that the conditions complained of here recur with each period of heavy rain. Hence, there was need for injunctive relief.

(d) The interlocutory injunction here was not invalid as being mandatory. The main purpose of the relief sought was to restrain the defendant from maintaining a continuing nuisance upon the plaintiff's property. Whether prohibitory or mandatory in nature, a court of equity in Georgia can grant injunctive relief as was done under the order here.

(e) The evidence clearly supports the order of the trial court and no abuse of discretion has been shown.

For the reasons stated above, the grant of the interlocutory injunction was not erroneous.

*Judgment affirmed. All the Justices concur.*