47325. CHATHAM v. CLARK LAUNDRY, INC.

SUBMITTED JULY 7, 1972—DECIDED JULY 11, 1972.

*Lee S. Alexander,* for appellant.

*Charles E. Walker, Palmer H. Ansley,* for appellee.

CLARK, Judge. This appeal involves a damage suit for trespass to land. Plaintiff appeals from an order granting defendant's motion for summary judgment.

1. Where a prior landowner has committed trespass on adjoining land, can a suit for damages for such trespass be brought against the present owner? The trespass here consisted of excess fill dirt which extends onto the plaintiff's property from a landfill placed on defendant's property by a prior owner. Such fill dirt was deposited on plaintiff's land from 1961 to 1963 by the prior owner and plaintiff knew of the spillover of excess dirt onto his land at that time. Plaintiff took no action against the prior landowner.

In 1964 defendant's predecessor corporation purchased the property and in 1965 erected a building thereon. The terrain is in essentially the same condition as it was at the time the building was constructed. The spillover is not utilized by the defendant.

The determining issue is the nature of the trespass; is the spillover a continuing trespass or otherwise?

Landfill is more analogous to floodwater caused by the erection of a dam (*Smith v. Central of Ga. R. Co.,* 22 Ga. App. 572, 575 (96 SE 570)), than to electric current constantly running through a wire (*Savannah Electric Power Co. v. Horton,* 44 Ga. App. 578 (168 SE 299)). The floodwater remains on the property after the initial trespass as does the landfill. Being a completed trespass of a permanent nature, it is categorized as one-act and not a continuing trespass. This contrasts with the electric current which recreates the trespass constantly by running through the wire. Thus, while erecting the wire may be a one-act trespass, it is the constant use and control of the current which creates a continuing and repeated trespass. The fact that this excess dirt may help provide lateral support for the foundation of the building on defendant's property is not sufficient to constitute a continuing trespass.

Plaintiff has not shown any act by the defendant which would constitute a fresh injury or continuance of the tres-

pass. The original entry, the placing of dirt by the predecessor in title on the plaintiff's property in 1963, thereby constitutes a one-act trespass. If the defendant in constructing the building altered the grade of the landfill on the plaintiff's property this would be a trespass, but it also would be construed as a completed one-act trespass.

2. Where a permanent trespass upon land has been committed and completed, the four-year bar of the statute of limitation would run from the time of its completion being either in 1963 for the deposit of landfill by the previous owner or 1965 for the completion of construction. Consequently, this action filed in April 1971 would be barred by the statute of limitation. *Code* § 3-1001; *Wellston Co. v. Sam N. Hodges, Jr. & Co.*, 114 Ga. App. 424, 426 (151 SE2d 481).

3. The other factor appearing in this case is whether the 1964 conveyance affects the trespass. Can a tort pass with the land? The prior owner committed a trespass by depositing landfill on plaintiff's land with the knowledge of the plaintiff. Did the present owner purchase the existing trespass in buying the property? The present owner saw the stakes denoting the boundary he was to buy and saw that the landfill spilled over onto the adjoining property. This in itself is not sufficient notice to the present owner that the adjoining landowner would sue for removal of the spillover or that in purchasing the property he assumes a duty to the adjoining landowner to remove the spillover. The purchase contained only the property within the staked boundaries.

4. Plaintiff alleges defendant had knowledge of the trespass before purchase, that he and defendant discussed the landfill. The record does not support this as plaintiff's deposition (p. 16) reads as follows: "Q. Do you know whether it (the conversation between plaintiff and defendant) was before or after he purchased the property? A. No, I don't. I really don't know . . . Q. And what if any conversation was entered into regarding the grade or the fill or anything pertaining to this? A. I just asked if he was aware of all the problems that went with it and he said he was, and that

was basically all we said."

Defendant states the conversation occurred when he was interested in purchasing more land from the plaintiff which was the thrust of the conversation. He recalls no mention of the landfill.

This reference to "all the problems" is too vague to constitute notice to the purchaser of the specific trespass. Defendant assumed no duty voluntarily toward the plaintiff to remove the excess landfill. The law does not impose such duty on one who purchases property after a trespass has been completed.

5. The prior owner remains the tortfeasor. The effect of the conveyance does not alter his liability as such tortfeasor. *McMillen Development Corp. v. Bull*, 228 Ga. 826 (188 SE2d 491). Plaintiff's remedy would normally be against the prior owner, the one who committed the trespass. The fact that this remedy against the prior landowner is barred by the limitation statute does not create a cause of action against an innocent purchaser.

6. The trial court's order granting the defendant's motion for summary judgment was therefore correct for any one of three controlling factors. First, the trespass is of the type which the law looks upon as a completed one-act trespass. In such event, the statute of limitation has run and now bars the action. Second, any cause of action is limited to the original trespasser-tortfeasor and not against the subsequent purchaser. Third, even if defendant who is the present owner could be said to have trespassed in 1965, assuming it altered the grade of the land in the process of erecting its building, that too would constitute in law a completed one-act trespass upon which the statute of limitation had run prior to the commencement of this action.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*