## 36483. BROWN v. TOMLINSON.

Jordan, Presiding Justice.

Appellant Brown brought suit against appellee Tomlinson seeking a permanent injunction to prevent appellee from draining an artificially created body of water off appellant's land by breaking the dam located on appellee's property. The trial court denied appellant's prayer for a permanent injunction, and he appeals.

"Brown's Pond" was formed in 1956 when a group of neighborhood landowners, including appellant and appellee's predecessor in title, decided to dam up a creek running through appellant's land down through appellee's land to create the pond primarily for recreational purposes. They shared the cost of building the dam. Appellant owns one hundred twenty acres which were submerged to form the pond and has approximately one-half mile of shoreline on his property. According to testimony, the condition of the pond has deteriorated over the past twenty-four years largely because of water hyacinths clogging the pond. In an effort to restore the pond to its original condition, a group of concerned landowners who used the pond was formed to study the situation. After several meetings, which were advertised, the group decided to cut the dam on appellee's property and drain the pond, dredge it, burn it out, refill it and restock it. Appellant never attended these meetings, though he had notice of same.

On November 22, 1979, the dam was cut. Around November 25, 1979, appellant noticed the water level of the pond going down. On December 18, 1979, he brought suit.

Following a hearing on an interlocutory injunction, the trial court ruled that the injunction was being denied because appellant was guilty of laches and because appellant was likely to suffer no irreparable injury since the pond was only being temporarily drained.

By stipulation, counsel asked the court to make a decision on a permanent injunction using the evidence adduced at the interlocutory hearing and waived any findings of fact and conclusions of law. The trial court denied appellant a permanent injunction.

Appellant argues as his sole enumeration of error the proposition that one owning land adjacent to an artificially created body of water in existence for twenty-four years has a right in the continued existence of that body of water. Appellant represents to this court that this is a question of first impression in Georgia.

Appellant is the upper riparian, and appellee is the lower riparian. Appellee maintains that he has gained a prescriptive easement to back water over appellant's land, citing *Terrell v. Terrell,* 144 Ga. 32 (85 SE 1005) (1915), among other cases. Appellee argues that he, therefore, has the right to lower the level of the accumulated water at anytime or to drain it completely if he sees fit. We do not agree with this contention.

There are two prescriptive easements involved in this case. One belongs to the appellee as he correctly argues. However, appellant has also gained a prescriptive easement as to appellee's land.

An easement is the "right in the owner of one parcel of land ... to use the land of another for a special purpose not inconsistent with a general property in the owner." Black's Law Dictionary, p. 599. A continuing easement is "[o]ne that is self-perpetuating, independent of human intervention, as, the flow of a stream . . ." Black's Law Dictionary, supra. A prescriptive easement over wild lands may be acquired through twenty years' uninterrupted use. Code Ann. § 85-1401.

Appellee had the riparian right to the natural flow of the stream running through appellant's property onto his. Code Ann. § 85-1301. Conversely, where two lots adjoin, " 'the lower lot owes a servitude to the higher, so far as to receive the water which naturally runs from it, provided the owner of the latter has done no act to increase such flow by artificial means.' " *McMillen Development Corp. v. Bull,* 228 Ga. 826, 828 (188 SE2d 491) (1972). Appellant and appellee both had the right to use each other's property, i.e., both had easements: the upper riparian had the right to pass the water along unobstructed by the lower riparian, and the lower riparian had the duty to receive the water unobstructed by the upper riparian.

Appellant and appellee lost their respective rights by prescription. Appellant no longer has the right to pass the water of the stream along to the appellee unobstructed. Appellee no longer has the right to receive the natural flow of the water from the appellant. Therefore, appellant has the right to maintain the accumulated water on his land because he no longer has the duty to return the natural

flow of the stream used to create the pond to the appellee. To hold otherwise would allow a lower riparian to drain a lake which has existed for more than twenty years and which an upper riparian has used and relied upon. In many instances, that would be unjust.

However, here appellant seeks an injunction against the draining of a pond that began a month before he brought suit. The dam has already been cut at the expense of the organization formed to clean up the pond. The pond has drained significantly. Testimony, as well as photographs present in the record, indicate that its condition prior to the draining made its recreational use next to impossible.

Appellee testified that it is his intention to refill the pond and restock it and to put in a dam with a spillway so that the water level can be lowered in winter to expose the vegetation to frost. The grant or denial of an injunction lies within the sound discretion of the judge, and one should not be granted "except in clear and urgent cases . . ." Code Ann. § 55-108. Among the duties of a trial judge in making a decision on an injunction case is the duty to balance the equities. *Everett v. Tabor,* 119 Ga. 128 (46 SE 72) (1903). Appellant knew about the meetings being held to discuss the condition of the pond. He did not attend them. Appellant became aware that the pond was being drained on November 25, 1979. He waited until December 18, 1979 to ask for an injunction to stop it.

Appellee and others have spent time and money to restore this pond. Appellee testified in open court that he will refill it and restock it. Appellant complains that he is under no legal obligation to do so. In the event he does not, appellant can once again resort to the courts; however, at this time, such an issue is not ripe for our consideration. See Baxter v. Strickland, 381 FSupp. 487 (D.C. Ga., 1974).

We agree with the trial court that under the facts of this case appellant should not have been granted an injunction.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED
OCTOBER 7, 1980.

*Gupton, Saliba & Moore, George M. Saliba,* for appellant.
*Langdale, Vallotton & Hickman, William P. Langdale, Jr.,* for appellee.