## A04A2272. NAVAJO CONSTRUCTION, INC. v. BRIGHAM et al.
(608 SE2d 732)

ELLINGTON, Judge.

The Superior Court of Floyd County denied Navajo Construction, Inc.'s motion for summary judgment on its trespass claim against Allen and Amy Brigham and granted the Brighams' cross-motion for summary judgment on that claim. In the same order, the trial court denied the Brighams' motion for summary judgment on Navajo's negligence claim. Navajo appeals, contending the trial court misconstrued the law regarding a continuing trespass. For the reasons which follow, we affirm the denial of Navajo's motion for summary judgment and reverse the grant of the Brighams' cross-motion for summary judgment on Navajo's trespass claim.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Ponder v. Brooks*, 256 Ga. App. 596, 597 (569 SE2d 267) (2002).

Viewed in this light, the record shows the following undisputed facts. In 2001, Russell Hall Construction, Inc. built a "spec" house on a lot its principal owned in a new subdivision. Russell Hall made all decisions regarding the dimensions of the house and its placement on the lot. On October 30, 2001, without first obtaining a survey of the property, the Brighams bought the house from Russell Hall. On October 9, 2002, Navajo purchased the lot next door to the Brighams' home, intending to build a spec house on it. Navajo did not obtain a survey of the parcel before purchasing it. On April 30, 2003, a survey showed that the Brighams' home encroached on Navajo's lot by approximately two feet; the fence line encroached over five feet. Navajo filed suit against Russell Hall and the Brighams, asserting claims for trespass and negligence. Russell Hall filed no answer and initiated bankruptcy liquidation proceedings, staying the action against it.

In ruling on cross-motions for summary judgment, the trial court found:

[t]here is no evidence the Brighams had any responsibility for where or how the house and fence were constructed, nor is there any evidence that Defendant Russell Hall was acting as an agent of the Brighams. Therefore, as a matter of law, Defendants Allen and Amy Brigham cannot be found liable for Defendant Russell Hall Construction's trespass.

In general terms, the owner of real property has the right "to possess, use, enjoy, and dispose of it, and the corresponding right to exclude others from the use." (Citation and punctuation omitted.) *Woodside v. City of Atlanta*, 214 Ga. 75, 83 (2) (103 SE2d 108) (1958). "At times, it happens, either by inadvertence or with predatory intent, that one adjoining owner will extend his dominion over the boundary into the lands of his neighbor." Daniel F. Hinkel, Pindar's Ga. Real Estate Law & Procedure, § 13-43 (6th ed.). In such a case, the landowner may bring an action of ejectment against the owner of the property with the encroaching structure for relief including the recovery of the property thus encroached upon and removal of the intruding structure.[1] *Randolph v. Merchants &c. Loan Co.*, 181 Ga. 671, 674 (183 SE 801) (1936); *Wachstein v. Christopher*, 128 Ga. 229, 232 (57 SE 511) (1907); *Turner v. Amsouth Mtg. Co.*, 212 Ga. App. 555 (442 SE2d 468) (1994). See OCGA § 44-11-1 et seq.; Pindar's Ga. Real Estate Law & Procedure, §§ 13-43; 23-2; 23-4. In addition, the construction of a permanent structure encroaching upon adjacent property "constitutes a continuing trespass and nuisance which may be abated as such." Pindar's Ga. Real Estate Law & Procedure, § 14-3. In an action for trespass, the landowner may recover damages arising from "any wrongful, continuing interference with a right to the exclusive use and benefit of a property right." *Lanier v. Burnette*, 245 Ga. App. 566, 570 (3) (538 SE2d 476) (2000). See also OCGA § 51-9-1 ("The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie."); *Wright v. Wilcox*, 262 Ga. App. 659, 662 (1) (586 SE2d 364) (2003) (discussing nominal and general damages available in trespass actions).

In this case, it is undisputed that the Brighams' home encroaches on Navajo's property.[2] Any such encroachment necessarily interferes with Navajo's right to possess, use, enjoy, and dispose of its entire parcel. Although the Brighams did not cause the encroachment, they

---

[1] Although Navajo did not title a count of its complaint "ejectment," it did pray for relief in the form of removal of the offending structures.

[2] We note that the Brighams have raised no challenge to Navajo's title, such as by disputing the survey or by claiming they acquired title to the encroached-upon area by adverse possession.

intentionally possess and occupy the encroaching structure.[3] Because Navajo adduced evidence making out a prima facie claim of trespass, the trial court erred in granting the Brighams' motion for summary judgment. But it is also undisputed that, after failing to obtain a survey of the property, Navajo purchased its parcel with the encroaching structure already in place. Because the Brighams have adduced evidence in support of their defenses on the trespass claim, the trial court correctly denied Navajo's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Miller, J., concur.*

DECIDED DECEMBER 16, 2004 — 

*Vaughan & Evans, Ravelle D. Smith,* for appellant.
*Smith, Price & Wright, Sidney P. Wright,* for appellees.

---

[3] As the Brighams correctly argue, they cannot be held vicariously liable for Russell Hall's conduct in building the house and fence across the property line of Navajo's predecessor in title, in the absence of evidence Russell Hall acted as their agent. *Davis v. Beard,* 202 Ga. App. 784 (415 SE2d 522) (1992).