A06A1107. MVP INVESTMENT COMPANY v. NORTH FULTON EXPRESS OIL, LLC et al.

(639 SE2d 533)

BERNES, Judge.

In this ejectment action, MVP Investment Company appeals from the trial court's grant of appellees' motion to dismiss its amended complaint. Because we conclude that MVP has adequately set forth a cause of action for ejectment to the extent that the appellees have encroached upon its property, we hold that the court's dismissal of the amended complaint was improper.

We review a trial court's grant of a motion to dismiss de novo. *Ga. Lien Svcs. v. Barrett,* 272 Ga. App. 656, 657 (1) (613 SE2d 180) (2005). "A motion to dismiss may be granted only where a plaintiff would not be entitled to relief under any set of facts that could be proven in support of its claim." (Citation omitted.) *Field v. Mednikow,* 279 Ga. App. 380 (1) (631 SE2d 395) (2006).

The complaint alleged the following. Appellees Jim Lunceford and/or Jim Lunceford, Inc. ("JLI") owned and developed a piece of real property in Fulton County, Georgia, which adjoins the real property of MVP. Lunceford and/or JLI built on the property an Express Oil Change facility, for which a certificate of occupancy was issued on or around April 13, 1999. Lunceford allegedly transferred the real property at issue to JLI on February 19, 1998, and JLI further transferred the property to appellee North Fulton Express Oil, LLC on December 19, 2003.

During the construction of the oil change facility, MVP alleges that Lunceford and/or JLI "raised the height of its property by four to five feet" and "laterally supported the 4- to 5-foot increase in the . . . [p]roperty's elevation by wrongfully trespassing onto MVP's property, backfilling and sloping fill dirt on MVP's property along the common boundary line." In its amended complaint, MVP alleges that the backfilling and sloping fill dirt resulted in "an earth slope and wall [created] to provide lateral support to the raised elevation of [appellees'] property which encroaches on [MVP's] property" and asserts that it is therefore entitled to the ejectment and removal of appellees' "encroaching slope and wall" from its property.

MVP states that it discovered the alleged trespass in March 2002 when it began to develop its own property. It asserts that as a result

of the encroachment, it cannot develop its property as intended unless it builds an eight- to ten-foot structural load-bearing wall that replaces the lateral support supplied by the fill dirt.

MVP originally filed suit against appellees on October 8, 2004, seeking injunctive relief and monetary damages for the alleged trespass. It amended its complaint on January 18, 2005 to add a claim for ejectment. Appellees moved to dismiss MVP's original complaint for trespass based upon the expiration of the relevant statute of limitation, which the trial court granted by order of June 14, 2005. The trial court subsequently granted the dismissal of MVP's amended complaint without opinion by order dated October 20, 2005. The sole issue on appeal is whether the trial court erred in dismissing MVP's amended complaint for ejectment.[1]

Georgia law allows an owner of real property to bring an ejectment action to remove an adjoining property owner who, either by inadvertence or with predatory intent, encroaches upon the property of his neighbor. *Navajo Constr. v. Brigham*, 271 Ga. App. 128, 129 (608 SE2d 732) (2004). The purpose of the action is to eject the defendant from possession of the disputed land. *Vinson v. Cannon*, 213 Ga. 339, 341 (99 SE2d 108) (1957). A landowner's entitlement to an action in ejectment stems from our deep-rooted belief that "the owner of real property has the right to possess, use, enjoy, and dispose of it, and the corresponding right to exclude others from the use." (Citation and punctuation omitted.) *Navajo Constr.*, 271 Ga. App. at 129. See also OCGA § 51-9-1 ("The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie."); *Randolph v. Merchants &c. Co.*, 181 Ga. 671, 677 (183 SE 801) (1936) ("In no event should a landowner be obliged to submit to invasion or compelled to part with his property, or any portion thereof, upon the mere payment of damages by a trespasser.") (citation and punctuation omitted).

In the instant action, MVP alleges that the appellees actually constructed "an earth slope and wall" from fill dirt that extends over the common boundary and encroaches onto MVP's property. According to the allegations in the amended complaint, appellees continue to use the fill dirt that they deposited onto MVP's property to laterally support the raised elevation of their own property, which MVP cannot now disturb.

Georgia precedent supports MVP's contention that it is entitled to eject appellees from possession of its property based upon the above

---

[1] MVP has not appealed the trial court's June 14, 2005 order dismissing the trespass action based upon the expiration of the relevant statute of limitation.

allegations. Courts of this state have previously held that a permanent structure that has been unlawfully erected onto an adjacent owner's property or that unlawfully encroaches onto that property necessarily interferes with the owner's right to possess, use, enjoy, and dispose of his property. See, e.g., *Wachstein v. Christopher*, 128 Ga. 229 (57 SE 511) (1907) (a homeowner whose structural foundation projects beneath the surface of the soil onto the adjacent landowner's property has deprived the landowner of possession of his property and is therefore subject to removal); *Navajo Constr.*, 271 Ga. App. at 129 (a landowner whose neighbor's house extends over the boundary line between the properties is deprived of possession of his property and is entitled to eject his neighbor). We fail to see why an earthen slope that is required to provide lateral support does not constitute a "structure" under *Wachstein* or *Navajo Constr.* when it encroaches upon the property of an adjacent landowner.

We find support for our position in analogous cases which have held that the government's creation of a slope easement on the property of a private landowner constitutes a taking of that property for which the landowner must be compensated. See *Dept. of Transp. v. Arnold*, 243 Ga. App. 15, 19 (2) (530 SE2d 767) (2000) (the government's acquisition of a slope easement deprived the landowner of control over the land and thus constituted a taking and any purported use of the land remaining in the landowner could not be used to mitigate his damages); *Dept. of Transp. v. Mendel*, 237 Ga. App. 900, 900-901 (1) (517 SE2d 365) (1999) (the government was required to condemn and compensate a landowner the fair market value of the property taken for a slope easement in order to raise the elevation of an adjacent road).

During the elevation of their own property, appellees appropriated MVP's property to the extent that they placed the fill dirt presently being used as lateral support over the common boundary and onto MVP's property. MVP is entitled to an action for ejectment for this encroachment.

> [I]f one party, building upon his own land, encroaches upon the adjoining land of his neighbor, no question should arise as to the right of the latter to maintain ejectment against the former. . . . One who ousts another from the possession of his property must take all the consequences resulting from the application of the appropriate remedy given by the law to restore to the owner that of which he has been deprived.

(Citations and punctuation omitted.) *Wachstein*, 128 Ga. at 231-232.

We are aware of the dicta in the case of *R. P. Chatham v. Clark Laundry, Inc.*, 126 Ga. App. 652, 653 (1) (191 SE2d 589) (1972), that

arguably runs contrary to our determination in this regard. We find that case to be factually distinguishable in that the spillover dirt alleged to have encroached onto the plaintiff's property was not currently being used by the defendant for any purpose and did not alter the grade of the property. Id. Nonetheless, we disapprove of any language in *R. P. Chatham* to the extent that it is inconsistent with our present holding.

*Judgment reversed and case remanded. Ruffin, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., Barnes, Miller, Ellington, Phipps, Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 21, 2006.

*Greenfield, Bost & Kliros, Michael W. Lord*, for appellant.
*Hartman, Simons, Spielman & Wood, Jill R. Johnson, David L. Pardue*, for appellees.