[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10238
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-04326-SCJ


ROSETTA BULLUCK,

Plaintiff - Appellant,

versus

NEWTEK SMALL BUSINESS FINANCE, INC.,
d.b.a. Newtek Business Services, Inc.,
FEDERAL DEPOSIT INSURANCE CORPORATION,
as receiver for Global Commerce Bank,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 27, 2020)

Before MARTIN, NEWSOM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Rosetta Bulluck appeals the district court's grant of summary judgment to Defendants Newtek Small Business Finance, Inc., and Federal Deposit Insurance Corporation, as receiver for Global Commerce Bank, on all of her claims related to an alleged wrongful foreclosure and eviction. After careful review, we affirm.

## I.    BACKGROUND

### A.    Factual Background

Plaintiff Rosetta Bulluck, as President of Bulluck's Best BBQ & Catering, Inc.[1], applied for and received a small business loan in the amount of $141,000 from Global Commerce Bank. Plaintiff and her now deceased husband guaranteed the loan in their individual capacities. The Small Business Administration ("SBA") also guaranteed the loan in accordance with the provisions of the Small Business Act, 15 U.S.C. § 631 et seq.

Plaintiff used the loan to purchase property in Conley, Georgia, to operate a restaurant Bulluck's Best BBQ & Catering, Inc. Global Commerce Bank received a security interest in the Property and recorded a Deed to Secure Debt.

The Georgia Department of Banking and Finance subsequently closed Global Commerce Bank and named Defendant Federal Deposit Insurance

---

[1] Although "Bulluck's Best BBQ & Catering, Inc.," applied for and received the loan, Plaintiff maintains the formal name is actually "Bulluck's Best BarBQ & Catering, Inc." The record reflects that Plaintiff used these spellings interchangeably, as more fully explained below.

Corporation as Receiver ("FDIC-R").  FDIC-R engaged Defendant Newtek

Business Services, LLC ("Newtek") to service the Loan.

At the time Newtek began servicing the loan, Plaintiff was in arrears and

operating under a Chapter 13 bankruptcy plan.  Eventually, Plaintiff would file a

total of seven bankruptcy actions, all of which were dismissed for failure to

comply with filing requirements or failure to make payments required by the

bankruptcy court.

Plaintiff's failure to make timely payments continued after Newtek began

servicing the loan.  Consequently, FDIC-R obtained an order terminating the

automatic stay generated by Plaintiff's pending bankruptcy case and allowing it to

pursue foreclosure and dispossessory proceedings.

On June 27, 2014, FDIC-R sent a letter to Plaintiff and to Bulluck's Best

BBQ & Catering, Inc., notifying them that the loan was in default and declaring the

entire amount due.  The letter also stated that FDIC-R intended to sell the property

securing the loan on August 4, 2014, to cover the amounts due.  FDIC-R conducted

the noticed foreclosure sale and took title to the property pursuant to a credit bid.

However, FDIC-R did not record the deed because, on the day of the

foreclosure sale, Plaintiff had filed another bankruptcy proceeding.  The

Bankruptcy Court dismissed that action on September 2, 2014 for failure to pay

filing fees.  Undeterred, Plaintiff filed yet another bankruptcy case on September 8,

2014.  FDIC-R moved to dismiss, arguing that Plaintiff had filed successive bankruptcy cases in bad faith and had abused the Bankruptcy Code to prevent foreclosure.  FDIC-R requested that the Bankruptcy Court confirm that no stay had been in effect on the date of the sale and that it could file the foreclosure deed and institute dispossessory proceedings.  On October 22, 2014, the Bankruptcy Court granted the motion, dismissing the bankruptcy action and validating the foreclosure sale.  However, Plaintiff did not vacate the property.

FDIC-R filed a dispossessory action in the Magistrate Court of Clayton County on February 27, 2015.  The Magistrate Court granted FDIC-R a writ of possession for the property on March 23, 2015.  Plaintiff appealed the dispossessory order to the Clayton County Superior Court but later dismissed the appeal.

Following Plaintiff's dismissal of her appeal, Defendants observed that it appeared the restaurant on its property had ceased operations and that Plaintiff had abandoned the property.  On October 15, 2015, Defendants' counsel attempted to secure the property by having the locks changed.  Plaintiff arrived on site while the locks were being changed and asserted that she remained in possession of the property.  Defendants' counsel turned the property over to her, gave her a key to the newly installed lock, and left the premises.

### B.    Procedural History

On November 3, 2015 Plaintiff filed a state court Complaint[2] against Defendant alleging several causes of action related to wrongful foreclosure, including negligence and negligent misrepresentation, breach of contract, and breach of the implied covenant of good faith and fair dealing.  Plaintiff grounded those claims on an alleged breach of the SBA servicing guidelines governing her loan.  Plaintiff also alleged wrongful eviction based on an unspecified violation of O.C.G.A. § 44-7-50 and trespass to realty under O.C.G.A. § 51-9-1.  Defendants removed the case to the United States District Court for the Northern District of Georgia.

Defendants also sought and obtained a second Writ of Possession from the Clayton County Superior Court, commanding the Sheriff of Clayton County to remove Plaintiff from the property.  Plaintiff responded by appealing to the Georgia Court of Appeals for emergency relief and filing her seventh bankruptcy petition.  The appeal and bankruptcy petition were dismissed in short order and eviction was completed in May 2016.

Meanwhile, this civil case progressed in the district court.  Following completion of discovery, the parties cross moved for summary judgment.  The magistrate judge issued two reports, one recommending denial of Plaintiff's

---

[2]  Although titled a "Verified Complaint," the Complaint contains no verification or affidavit.

5

summary judgment motion and one recommending that Defendants' joint summary judgment motion be granted.  The magistrate judge recommended that Plaintiff's claims for negligence and negligent misrepresentation, breach of contract, and breach of the implied covenant of good faith and fair dealing be dismissed as a matter of law because "no private right of action exists for a violation of the [Small Business] Act or the regulations."  The magistrate judge further recommended that Plaintiff's claim for wrongful eviction be denied "[b]ecause Defendants filed a dispossessory action and obtained writs of possession as required under the Georgia statutory scheme."  Finally, the magistrate judge recommended that Plaintiff's claim for trespass to realty be denied because there is no evidence that Defendants refused to leave the property or interfered with Plaintiff's possessory interest in the property.

The district court adopted the magistrate judge's recommendations over Plaintiff's objections.  Plaintiff timely appealed.

## II.    DISCUSSION

### A.    Standard of Review

This Court reviews a district court's grant of summary judgment *de novo,* applying the same legal standards as the district court.  *Chapman v. AI Transp.,* 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc).  A grant of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, we view all evidence and make all reasonable inferences in favor of the non-moving party. *Chapman,* 229 F.3d at 1023.

> **B.    The District Court Properly Granted Summary Judgment to Defendants on Plaintiff's Negligence, Negligent Misrepresentation, Breach of Contract, and Breach of Implied Duty of Good Faith and Fair Dealing Claims**

Plaintiff maintains the district court erred in entering summary judgment on her negligence and negligent misrepresentation, breach of contract, and breach of the implied covenant of good faith and fair dealing claims because Defendants breached a duty of care established by the Small Business Association loan servicing guidelines. The district court rejected that notion because no private right of action exists for a violation of the Small Business Act or regulations.

Plaintiff asserts that her claims are viable because a duty of care may be inferred from SBA Guidelines she states required Defendant to provide her loan information "after any 'Loan Action'." But we agree with the district court that "no private right of action exists for a violation of the [Small Business] Act or the regulations." *United States v. Fid. Capital Corp.*, 920 F.2d 827, 838 n.39 (11th Cir. 1991); *Tectonics, Inc. of Fla. v. Castle Const. Co., Inc.*, 753 F.2d 957, 960 (11th Cir. 1985) ("there was no intent to create civil rights of action in private persons" in the Small Business Act); *see also State Farm Mut. Auto. Ins. Co. v. Hernandez Auto Painting & Body Works, Inc.*, 719 S.E.2d 597, 601 (Ga. Ct. App.

7

2011) ("[I]t is well settled that violating statutes and regulations does not automatically give rise to a civil cause of action by an individual claiming to have been injured from a violation thereof."). Moreover, contrary to Plaintiff's assertions, we see nothing in the Security Deed obligating Defendants to abide by SBA Guidelines that might provide an independent cause of action. Accordingly, we find Plaintiff's asserted grounds for negligence, breach of contract, and breach of implied covenant unpersuasive.

Plaintiff waived, abandoned, or never asserted in her Complaint other arguments made on appeal. To the extent Plaintiff bases her claims on an alleged breach of ordinary care under Georgia law she has abandoned or waived any such claim by failing to raise those arguments in response to Defendants' motions for summary judgment.[3] *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (claims raised for first time on appeal are waived); *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned").

---

[3] Plaintiff devotes most of her reply brief to citing general statements from the record below she contends preserved an ordinary negligence claim. Even if the cited passages could be construed to relate to an ordinary negligence claim separate and apart from her claims based on the SBA Guidelines, they are insufficient to preserve that claim. The arguments raised on appeal in support of an ordinary negligence claim were not raised below and, consequently, the district court never had a chance to examine them. *Resolution Tr. Corp.*, 43 F.3d at 599 ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment."). We will not consider them for the first time on appeal. *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000) ("Arguments raised for the first time on appeal are not properly before this Court.").

Though Plaintiff alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, in her response to Defendants' motions for summary judgment, she made no such allegations in her complaint and the district court correctly rejected that argument. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."). Accordingly, we will not consider Plaintiff's arguments based on "ordinary negligence" under Georgia law.[4]

Plaintiff similarly waived arguments regarding third-party beneficiary status afforded by 15 U.S.C. § 631 and O.C.G.A. § 9-2-20(b) which Plaintiff raised for the first time on appeal in arguing the viability of her breach of contract and breach of implied covenant of good faith and fair dealing claims. The same is true for Plaintiff's arguments based on alleged violations of SBA SOP 50 57, which

---

[4] Even if we considered Plaintiff's belated arguments, Georgia courts have declined to uphold breach of contract and negligence claims based on a failure to comply with federal statutory provisions, absent a plain intent to impose a legal duty and authorize a private action. *See U.S. Bank, N.A. v. Phillips*, 734 S.E.2d 799, 804 (Ga. Ct. App. 2012) ( "[t]he provisions of [the federal Home Affordable Modification Program] do not plainly impose a legal duty intended to benefit homeowners, so as to authorize a private negligence cause of action"). In any event, Plaintiff's citation to unverified and conclusory allegations made in her Complaint regarding a breach of duty do not raise a genuine issue of fact for trial, especially when the documentary record demonstrates that Defendants provided loan information as requested by Plaintiff in accordance with SBA Guidelines.

Plaintiff never cited below.  Although Plaintiff's Complaint cites "SOP 50 50 4 – SBA Loan Servicing" as a basis for breach of contract, Plaintiff abandoned that argument on summary judgment.  *Resolution Tr. Corp.*, 43 F.3d at 599 ("grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned").

For these reasons, we affirm the district court's grant of summary judgment for Defendants on Plaintiff's negligence and negligent misrepresentation, breach of contract, and breach of the implied covenant of good faith and fair dealing claims.

### C.    The District Court Properly Granted Summary Judgment to Defendants on Plaintiff's Wrongful Eviction and Foreclosure Claim

Plaintiff maintains that her wrongful foreclosure and eviction claims are viable because "the foreclosure and dispossessory proceedings were invalid in the first place."  "Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages."  *Heritage Creek Dev. Corp. v. Colonial Bank*, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004).  Similarly, the tort of wrongful eviction requires Plaintiff to demonstrate that Defendants did not properly institute a dispossessory action pursuant to O.C.G.A. § 44-7-50 et seq.  *Steed v. Fed. Nat'l Mortg. Corp.*, 689 S.E.2d 843, 848 (Ga. Ct. App. 2009).

10

Here, it is undisputed that Plaintiff was in arrears when the FDIC-R conducted a foreclosure sale and took title to the property.  It is further undisputed that Defendants received the bankruptcy court's approval to conduct a foreclosure sale, confirmed the validity of the foreclosure sale with the bankruptcy court, obtained two writs of possession, and waited for Plaintiff's appeal for emergency relief to be denied by the Georgia Court of Appeals before evicting Plaintiff.  Plaintiff does not challenge the eviction proceedings other than to assert that the foreclosure sale preceding eviction was improper.  Plaintiff asserts the foreclosure sale was invalid for two reasons.

First, Plaintiff maintains that deficiency letters and foreclosure notices sent by Defendants were ineffective because Defendants sometimes "misspelt the word 'Barbeque'" when noticing "Bulluck's Best BBQ & Catering, Inc."  Plaintiff asserts Defendants noticed the wrong party because "[t]he formal name was actually 'Bulluck's Best BARBQ & Catering, Inc."  We find this argument unpersuasive because the published notice of sale correctly identified the grantor under the Security Deed as "Bulluck's Best BBQ & Catering, Inc., a Georgia corporation a/k/a Bulluck's Best BARBQ & Catering, Inc."  Moreover, Plaintiff

11

used the various spellings interchangeably, indicating that she understood notices

using the "BBQ" spelling to apply to Bulluck's Best BARBQ & Catering, Inc.[5]

Second, undermining the notion that Defendants noticed the wrong

corporate entity, Plaintiff asserts that Defendants notices were ineffective because

both corporate entities were administratively dissolved before foreclosure, she was

the sole owner of the property, and she "was never included in any of the

foreclosure documents." Yet Defendants addressed the notice of default attached

to Plaintiff's Complaint, not only to Bulluck's Best BBQ & Catering, Inc., but to

Plaintiff individually. Moreover, Plaintiff admitted in her response to Defendant

Newtek's Request for Admissions that she received a copy of that notice of

default. Thus, that Plaintiff had notice of default and was informed of the

foreclosure sale as stated in the notice of default is not genuinely disputed.

We further note that Plaintiff's many bankruptcy filings timed to thwart

Defendants' attempts to collect, foreclose, and evict demonstrate that Defendants'

foreclosure and eviction documentation sufficiently apprised Plaintiff of the status

of her loan, the foreclosure sale, and the intent to evict despite Plaintiff's

protestations to the contrary. No genuine dispute exists that Plaintiff had a full and

fair opportunity to make payment on the loan or challenge the foreclosure and

---

[5] For instance, Plaintiff filed at least three bankruptcy petitions in the name of Bulluck's Best BBQ and Catering, Inc., in addition to obtaining the loan in that name.

12

eviction proceedings in state and bankruptcy court.  Accordingly, the record does not support an argument that Plaintiff was injured by any technical deficiency in Defendants' foreclosure documents.  *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1253 (11th Cir. 2015) ("even if the notice did not fully comply with Georgia law, [plaintiff's] claim for wrongful foreclosure would still fail because [she] cannot show a causal connection between this breach and a resulting injury").

For these reasons, we affirm the district court's grant of summary judgment to Defendants on Plaintiff's claims for wrongful foreclosure and eviction.

### D.    The District Court Properly Granted Summary Judgment to Defendants on Plaintiff's Trespass to Realty Claim

Plaintiff bases her trespass to realty claim on Defendants' attempt to take possession of the property following foreclosure.  Plaintiff contends that Defendants' counsel entered the property without her permission and changed the locks which "directly interfered with [her] possessory interest and right to exclude others."  Although Defendants' counsel gave Plaintiff the new key, Plaintiff argues "the damage had already been done:  it was the act of breaking the lock and entering the premises that unlawfully violated [her] exclusive right to the premises."

O.C.G.A. § 51-9-1 provides:  "The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie."  To prove

13

trespass under § 51-9-1, Plaintiff must show that a physical trespasser "refused to leave the [property] after being asked to leave", or that a person "interfered with [Plaintiff's] possessory interest in the realty." *Udoinyion v. Re/Max of Atlanta*, 657 S.E.2d 644, 648 (Ga. Ct. App. 2008).

Here, it is undisputed that at the time of the alleged trespass, FDIC-R had owned the property for over a year, Plaintiff was a tenant at sufferance[6], and FDIC-R had obtained a Writ of Possession permitting Plaintiff's removal. Defendants' counsel entered the property after it appeared to be abandoned by Plaintiff. Defendants' counsel left the premises when Plaintiff requested that she do so. It is also undisputed that Plaintiff had full access to the property following counsel's departure because counsel provided her a key to the new lock. The only issue is whether entering the property and changing the lock interfered with Plaintiff's possessory interest in an actionable way.

We agree with the district court that Plaintiff failed to demonstrate an actionable trespass claim. Plaintiff has not cited any Georgia authority, and we are aware of none, holding a landowner, much less a landowner with a Writ of Possession authorizing eviction, liable for trespass when entering its own property to assess whether a tenant at sufferance has abandoned the property when there has

---

[6] Where former owners of real property, like Plaintiff, remain in possession after a foreclosure sale, they become tenants at sufferance. *Steed*, 689 S.E.2d at 848.

14

been no forcible dispossession of the tenant.  *See, e.g. Owens v. Barclays American/Mortg. Corp.*, 460 S.E.2d 835, 838 (Ga. Ct. App. 1995) ("If the owner forcibly [dispossesses] a tenant without following [the procedures in O.C.G.A. § 44–7–50], the owner is subject to an action for trespass." (first alteration in original) (internal quotation marks and citation omitted)).  Rather than forcibly dispossess Plaintiff, Defendants' counsel left the property at Plaintiff's request and gave her a key to the new lock.  Plaintiff failed to demonstrate how entering the property after obtaining a Writ of Possession and replacing the lock interfered with her possessory interest under O.C.G.A. § 51-9-1 when Defendants' counsel provided Plaintiff a key to the new lock, left the property when confronted by Plaintiff, and never deprived Plaintiff use of the property as a tenant at sufferance before obtaining a second Writ of Possession and conducting a formal eviction under the authority of the Clayton County Sheriff's Department.[7]

Accordingly, we affirm the district court's grant of summary judgment for Defendants on Plaintiff's trespass claim.

---

[7] *Navajo Construction*, the lone case cited by Plaintiff to support her argument that Defendants trespassed by violating her right to exclude, merely involved an action for ejectment filed by an actual landowner, not a tenant at sufferance, against an adjacent property owner that erected an encroaching structure.  *See Navajo Const., Inc. v. Brigham*, 608 S.E.2d 732, 733 (Ga. Ct. App. 2004).

15

## III.    CONCLUSION

For the reasons explained above, we **AFFIRM** the decision of the district court granting summary judgment to Defendants on all of Plaintiff's claims related to her foreclosure and eviction.