### STEWART *et al. v.* GARRETT.

One who purchases a lot in a public cemetery for burial purposes, though the right of interment therein be exclusive, does not acquire any title to the soil. but only a mere easement or license, which will not support an action of ejectment.

Argued December 18, 1903. — Decided January 15, 1904.

Ejectment.    Before Judge Butt.    Muscogee superior court. July 21, 1903.

*Reese Crawford* and *McNeill & Levy,* for plaintiffs.
*Charlton E. Battle,* for defendant.

TURNER, J. This bill of exceptions was founded upon an action of ejectment, brought in the superior court of Muscogee county, for a lot in a cemetery in the City of Columbus, known and distinguished in the plan of said cemetery as lot No. 184, in section or extension C of said cemetery, "the said tract or parcel of land being a cemetery lot for burial purposes." The action was founded on the several demises of James A. Stewart and others, also of " The City of Columbus," and also of "The Mayor and Council of the City of Columbus," these two latter demises being framed to cover the different names by which the municipality was designated in the acts of the General Assembly.    To

the petition in this case an abstract of title was appended, the particulars of which need not be set out in full.     The defendant filed a general demurrer, the substance of which may be stated in the language of the fourth ground thereof, as follows:   "Because the petition shows upon its face that the land sued for is a cemetery lot contained in the public cemetery in the City of Columbus, known as Linwood Cemetery, and said tract or parcel of land being, as described in said petition, a cemetery lot for burial purposes, the right and title of the plaintiffs, if any, in such property is not of such a character as will support an action of ejectment, the right of burial in such cemetery lot being merely a license, or at best an easement, in said property, and ejectment will not lie for the recovery of a license or an easement."     The court below sustained the demurrer and dismissed the case.     The plaintiffs excepted in due form and brought the case to this court.

The question is whether an action of ejectment will lie for the recovery of a tract or parcel of land averred to be a cemetery lot for burial purposes.     The courts in many of the States have held that the purchaser of a lot in a public cemetery, though under a deed absolute in form, does not take any title to the soil, but that he acquires only a privilege or license to make interments in the lot purchased, exclusively of others, so long as the ground remains a cemetery.     See the cases collected in 6 Cyc. 717.     And there would seem to be good reason for holding that when a cemetery lot is conveyed for burial purposes, it can not be devoted to any other use, whatever may be the form of the conveyance.     In the case of *Jacobus* v. *Congregation of the Children of Israel*, 107 *Ga.* 518, the same being styled an equitable petition, this court held that even punitive damages could be recovered for an unlawful interference with a cemetery lot; and Mr. Justice Fish, reasoning upon the case, used this language (page 521):     "As a general rule, one who purchases and has conveyed to him a lot in a public cemetery does not acquire the fee to the soil, but only the easement or license of burial therein."     The opinion then proceeds to cite an array of authorities to the effect that damages may be recovered from any person who wrongfully trespasses upon, desecrates, or invades the burial-lot of another.     And in a proper case the courts will by injunction restrain a trespass upon a burial-lot. See 6 Cyc. 720, and cit.     The case of New York Bay Cemetery

Co. *v.* Buckmaster, 49 N. J. L. 449, cited by counsel for the plaintiffs in error, on examination does not seem to support his view that one who has the right of burial in a cemetery lot can maintain an action of ejectment against another who wrongfully enters thereon. While the deed under consideration in that case recited that the premises were to be had and held for the uses of sepulture only, and for no other uses whatever, the law of New Jersey (Pamph. L. 1850, p. 194) required the cemetery company to grant the fee to the purchasers of lots, and for that reason the court held that an action of ejectment would lie for the recovery of the lot. We have also examined the other cases cited by the able counsel for the plaintiffs in error, but we have not found them sufficient to overcome the great weight of authority which supports the view which we have adopted.

In the present case, the parcel of land sought to be recovered being averred to be a cemetery lot for burial purposes, any conveyance upon those terms would carry only a limited use or an easement. Such a use is also sometimes called a mere license. To recover such an easement or license, an action of ejectment will not lie. Adams on Ejectment, *16; Perley on Mortuary Law, 177–8, 187; 6 Cyc. 717 (note 50); 10 Am. & Eng. Enc. L. (2d ed.) 474; Union Petroleum Co. *v.* Bliven Petroleum Co., 72 Pa. St. 173; Hancock *v.* McAvoy, 151 Pa. St. 460. If for any public reason the disestablishment of a cemetery is necessary, the police power is adequate. It may be added that while the action of ejectment has its uses, its quaint fictions and devices do not seem appropriate to the ascertainment of any right in a burial lot. If any fiction is pardonable in a case of this kind, it would be fitter to hold that the fee in these sacred premises belongs to the dead. Within these hallowed precincts, no court would desire to send the sheriff with a writ of possession. This instinct of humanity is loyalty to a statute impressed upon all hearts. Its influence is not confined to the weak and ignorant. The plaintive appeal which marks the grave of Shakspeare is said to have been inspired by his fear of a removal of his bones to a charnel-house.

> " Good friend, for Jesus' sake forbear
> To dig the dust enclosed here."

*Judgment affirmed. All the Justices concur.*