## BALE *v.* TODD *et al.,* executors.

1. When it appears that a plaintiff has been rightly nonsuited, and has not suffered by the refusal of the court to allow an amendment to his·petition, setting up facts which, if shown on the trial, could not have affected the result, this court will not undertake to inquire whether the proffered amendment should or should not have been allowed.

2. Where a deed in express terms recites that the grantor conveys to the grantee only the right and privilege to use, in common with himself, a certain stairway for all necessary purposes, the expense of keeping the stairway in repair to be borne equally by them, the instrument is to be construed as conveying merely an easement, and not an undivided half interest in the stairway in fee, notwithstanding the deed contains a warranty of title and also the usual habendum clause appropriate to a conveyance intended to pass a fee-simple estate.

3. A deed purporting to have been executed by officers of a corporation, but to which no corporate seal is affixed, is not admissible in evidence as a conveyance of title from the corporation, in the absence of proof that the persons signing the deed in the name of the corporation were its officers and, as such, had authority to execute the conveyance.

4. Even if such a deed is, without such proof, admissible as color of title, the rejection of the instrument tendered in evidence in the present case was not prejudicial to the plaintiff, as its admission could not have saved her from a nonsuit.

5. The appropriate remedy for the disturbance of an easement is, not an action of trespass, but an action on the case, or, when such an action will not afford adequate relief to the aggrieved party, an equitable proceeding to enjoin interference with the enjoyment of the easement.

Argued April 22, ─ Decided May 15, 1905.

Equitable petition.  Before Judge Henry.  Floyd superior court.  January 23, 1905.

*George A. H. Harris* and *Wesley Shropshire,* for plaintiff.  , *Dean & Dean,* for defendants.

EVANS, J.  The petition of Mrs. Naomi P. Bale set forth the following allegations of fact:  L. A. and C. A. Todd are the duly appointed and qualified executors of I. L. Todd, deceased, and more than twelve months have elapsed since their qualification as such. Petitioner is the owner of a certain house and lot in the City of Rome, Ga., known as number 331 Broad street, and is also the

owner, as a part thereof and an appurtenance thereto, of a certain stairway on the side of her building next to which is located a, storehouse occupied by L. G. Todd as a grocery store. The executors aforesaid have entered upon and taken possession of one foot and one inch of the north or upper side of this stairway, have sawed off and enclosed one foot and one inch of the width of the same, and have also taken possession of and closed up six and one half feet of the upper end of the stairway, thereby greatly lessening its width and length, to the great injury and damage of plaintiff. In so doing, they acted willfully, wrongfully, and without right or authority, to the damage of plaintiff in the sum of two hundred dollars. The trespass complained of was committed on August 12, 1902, and they are still in possession of the portion of the stairway wrongfully taken by them, and fail and refuse to deliver possession thereof to plaintiff. She prayed that she recover of the executors of Todd the damages sustained by reason of their trespass upon her property; that she have and recover possession of the portion of the stairway so wrongfully held by them, and that she have such other and further relief as the court might deem reasonable and just. Attached to her petition was an abstract of the title under which she claimed the premises therein mentioned as belonging to her. One of the conveyances included in this abstract was a deed from the Rainbow Steam Fire Engine Co. No. 1 to J. A. Bale, under whom she claimed, dated July 6, 1888. She subsequently sought to amend her petition by adding the allegation that "J. A. Bale entered into possession of said Lot No. 331 on July 6th, 1888, and the use and occupancy of said stairway described in said petition, and continued in such possession till his death, and his administrator and petitioner succeeded to such possession of said stairway till said defendants took possession in the manner stated in petition." The court declined to allow this amendment to be made. The court did, however, allow the plaintiff to amend by alleging that at the time of filing her original petition, and ever since that time, the defendants were and have been in possession of the portion of the stairway wrongfully taken by them, and have deprived plaintiff of the use, possession, and occupancy thereof, without right or authority, to her irreparable injury and damage; wherefore she prayed that the defendants might be perpetually enjoined and restrained from ob-

structing the stairway or depriving her of the use and occupancy of the same, and that she be granted such other equitable relief as she might be entitled to.

The defendants filed an answer in which they denied that they had committed any trespass; and subsequently amended their pleadings by alleging that, before they made any alterations in the stairway, the plaintiff agreed that the change might be made in the stairway, and they proceeded at great expense to make the alterations agreed on, without any objections being interposed by her. The case went to trial, and at the conclusion of the plaintiff's evidence the court granted a nonsuit. Exception is taken to the awarding of a nonsuit, to the refusal of the court to allow the rejected amendment to the petition, and to the ruling of the court as to the construction to be placed upon a deed relied on by the plaintiff as a muniment of title, and the rejection of the deed to J. A. Bale from Rainbow Steam Fire Engine Co. No. 1.

1. In the view we take of the case, it is unnecessary to consider whether the court did or did not err in declining to allow the proffered amendment to the plaintiff's petition. Had it been allowed a nonsuit would have been inevitable, even though the plaintiff had been permitted to prove the facts alleged in the amendment, for the reason that she would not be able to prove her case as laid. She alleged title and sought to recover for an alleged trespass, also praying for equitable relief in restraining the defendants from withholding from her the use and occupancy of the stairway; the evidence upon which she relied showed that she had a mere easement in and right to use this stairway, if she had any interest therein at all.

2. One of the deeds relied on by the plaintiff was from I. L. Todd to the Rainbow Steam Fire Engine Co. No. 1, dated November 5, 1883, reciting that the party of the first part "granted, bargained, sold, and conveyed to second party, their successors and assigns, a perpetual right and privilege to use, in common with the party of the first part, the stairway now running up between Number Ninety-Three (93) and Ninety-Five (95) Broad Street, Rome, Georgia, for all necessary purposes, being the stairway" which was the subject-matter of the controversy. This deed further recited that it was "agreed between the party of the first part and the party of the second part that the expense of

keeping the stairway above mentioned in repair [should] be borne equally," and contained a warranty clause and the usual habendum. "To have and to hold bargained premises, together all and singular the rights, members, and appurtenances thereof to the same being, belonging, or in any wise appertaining, to the only proper use, &c. of said second party, their successors and assigns, in fee simple." The court construed this deed as conveying only an easement in and to the joint use of the stairway; and we are satisfied that this was the proper construction to be placed upon it. While the instrument was loosely and carelessly drawn, with scarcely any regard for the customary rules of conveyancing, its meaning is clear that only an easement was intended to be conveyed, and not, as contended by the plaintiff, an undivided half interest in the stairway, the title to which was to be in the grantor and the grantee as tenants in common. 14 Cyc. 1161–1162.

3, 4. The plaintiff then introduced in evidence a deed to herself from C. W. Morris, administrator of J. A. Bale, to the premises in her possession, the deed reciting that the property was conveyed to her "with right of way up stairs on the side next to place now occupied by L. G. Todd as grocery store." She further proved that J. A. Bale had, on July 6, 1888, entered into the possession of the premises under a deed purporting to have been made to him by the Rainbow Steam Fire Engine Co. No. 1 on that date, and had remained in possession up to the time of his death, when his administrator, Morris, entered and held possession till he surrendered it to the plaintiff; that J. A. Bale paid to the Fire Engine Company the purchase-price of the property, $3,200, and that the stairway was there at the time Bale bought, and continued there. Upon this proof the plaintiff sought to introduce the instrument under which Bale entered into possession of the premises, her counsel stating that it was offered as color of title. Its admission in evidence was objected to by the defendants, because (1) the corporate seal of the Fire Engine Company was not affixed, (2) there was nothing to show that the officers of that company had any authority to execute the deed, and (3) no evidence that the persons who assumed to act as its officers were so in point of fact. The court sustained the objection and excluded the deed, which described

the premises claimed by the plaintiff, and purported to convey the same together "with right of way up stairs." The deed was attested by two witnesses, one of whom was a notary public, and had been admitted to record. Proof that it was executed by the persons who signed it as the representatives of the Fire Engine Company was therefore not necessary. Civil Code, § 3628. But no corporate seal being attached, no presumption could arise that the officers of the company had authority to execute the instrument, and it was incumbent on the plaintiff to show that the persons who signed it were authorized to do so, before it could be regarded as a conveyance binding on the company. *Dodge* v. *American. Freehold Co.,* 109 *Ga.* 396. And if it had been admitted as color of title, the plaintiff would not have made out her case. In fact, all she could prove was that she and those under whom she claimed had, since July 6, 1888, been enjoying an easement in a stairway adjoining the building claimed by her, and that the defendants had interfered with the enjoyment thereof by making certain alterations in the stairway, which reduced its width and made it shorter and steeper. Her evidence disclosed that, after making these alterations, the defendants did not attempt to exclude her from the use of the stairway, and that her real complaint is that they have made it too steep and reduced its width about a foot.

5. "The proper remedy for the injury or disturbance of an easement is an action on the case, and not trespass or ejectment." 14 Cyc. 1216. Or a resort may be had to equity by presenting proper pleadings and proof. "Wherever the injury complained of is irreparable, or the interference is of a permanent or continuous character, or the remedy at law by an action for damages will not afford adequate relief, injunction is a proper remedy." Ibid. 1216–1217. Throughout the trial of the present case, the plaintiff clung to her theory that she was the owner of at least an undivided half interest in the stairway adjoining her building, and that she was entitled to recover damages for the alleged trespass, and to have the defendants perpetually enjoined from continuing the trespass; no offer to amend her pleadings was made; and as the allegata and the probata did not correspond, the court properly granted the motion for a nonsuit.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*