# SUPREME COURT OF TENNESSEE

### FOR THE

## MIDDLE DIVISION.

---

### NASHVILLE, DECEMBER TERM, 1911.

---

(*Continued from Volume 125 Tenn.*)

---

WALTER HINES *v.* STATE.

(*Nashville.* December Term, 1911.)

1. **CEMETERIES.** Land devoted and used as burial ground is held in trust for that purpose by the owner and his successors in title.

Where the owner of land definitely appropriated and devoted a small part thereof as a private family burial ground, and it has been used as such, the land cannot be conveyed or devised so as to interfere with such use, because such owner, his grantees, devisees, and heirs hold the title in trust for the benefit of those entitled to a right or easement of burial in

it, who also have the right to visit the cemetery for the purpose of repairing, beautifying, and protecting the graves and grounds, and, for these purposes, they have a right of ingress and egress from the nearest public road, to be exercised at reasonable times and in a reasonable manner. (*Post, pp.* 4, 5.)

2. **SAME. Same. Descendants of landowner devoting land to family burial ground are entitled to burial therein.**

Where the owner of land definitely appropriated and devoted a small part thereof as a private family burial ground, and it has been used as such, the right of burial extends to all the descendants of the owner, and they may exercise it when the necessity arises. (*Post, pp.* 4, 5.)

3. **SAME. Same. Same. Purchaser takes land subject to burial rights in a lot devoted to private family burial ground, though there be no express reservation.**

Where a small part of a tract of land has been devoted to a private family burial use by the owner, those thereafter purchasing the land take it subject to the aforesaid burial rights, without any express reservation in the deed or will under which they take; for such reservation is implied, and purchasers are charged with notice of the fact that the particular lot has been dedicated to burial purposes, and of the rights of descendants and relatives of those there buried. Burial lots, whether public or private, are not the subject of trade and commerce, and it is always presumed that they are not included in the sale of land which surrounds them. (*Post, pp.* 5, 6.)

Cases cited and approved: Robertson v. Cemetery Co., 116 Tenn., 221; Gardner v. Swan Point Cemetery, 20 R. I., 646; Waldron's Case, 26 R. I., 84; Thompson v. Hickey, 59 How. Prac. (N. Y.), 434; Stewart v. Garrett, 119 Ga., 386.

4. **SAME. Same. Same. Same. Burial ground rights are not barred by statutes of limitations so long as graves are marked by monuments, gravestones, or otherwise.**

The right to use a private burial ground as such is not barred by the statute of limitations, so long as it is kept inclosed;

Hines v. State.

or, if uninclosed, so long as the monuments and gravestones marking the graves are there, or other attention is given to the graves, so as to show and perpetuate the sacred object and purpose to which the land has been devoted; for possession by the living is not required, in such case, to prevent the acquirement of title by the adverse possession of the owner of the fee, so long as the dead are there buried, their graves are marked, and any acts are done tending to preserve their memory and mark their last resting place. (*Post*, *p.* 6.)

Case cited and approved: Hook v. Joyce, 94 Ky., 450.

5. **SAME.    Desecration of private burial ground and graves therein, and wrongful obstruction of way thereto, are misdemeanors.**

The desecration of a private burial ground, and graves therein, and the wrongful obstruction of the easement of a right of way from the public road thereto, as against those entitled to use it, are misdemeanors, subject to punishment under the statutes applicable to offenses of that character. (*Post*, *p.* 6.)

FROM LINCOLN.

Appeal from the Circuit Court of Lincoln County.— EWIN L. DAVIS, Judge.

FLOYD ESTILL and G. H. NEWMAN, for Hines.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

MR. CHIEF JUSTICE SHIELDS delivered the opinion of the Court.

Wm. Crawford, more than sixty years ago, set apart about one acre of his farm, in one of the cultivated fields,

as a family burial ground or cemetery, and it was so used by him during his life, several of his family being then and there buried, and when he died he was there buried. His descendants since his death have used it as a family burying ground, and many of them are there buried. Monuments and gravestones have been erected and maintained over several of the graves, and from time to time have been repaired, and the cemetery put in order and otherwise cared for.

The portion of the farm surrounding the cemetery was devised by Wm. Crawford to certain of his children, and by various conveyances the same has come to and is now the property of the plaintiff in error. In none of these conveyances is there any express reservation of the cemetery.

The question presented in the record is whether the prosecutor and other descendants of Wm. Crawford have a right or easement of burial in the cemetery, and of ingress and egress for the purposes of burial, visiting, repairing, and keeping in proper condition the graves and grounds around the same.

We are of the opinion that they have these rights and may exercise them in a reasonable manner and at seasonable times, so as not to unnecessarily injure the owner of the farm in its cultivation and use.

When land has been definitely appropriated to burial purposes, it cannot be conveyed or devised as other property, so as to interfere with the use and purposes to which it has been devoted. When once dedicated to burial purposes, and interments have there been made,

the then owner holds the title to some extent in trust for the benefit of those entitled to burial in it, and the heir at law, devisee, or vendee takes the property subject to this trust. The right of burial extends to all the descendants of the owner who devoted the property to burial purposes, and they may exercise it when the necessity arises.

They also have the right to visit the cemetery for the purpose of repairing, beautifying, and protecting the graves and grounds around the same, and for these purposes they have the right of ingress and egress from the public road nearest the cemetery, to be exercised at seasonable times and in a reasonable manner.

Those who purchase the property after it has been appropriated to burial purposes take it subject to the rights we have stated, without any express reservation in the will or deed under which they take. Such reservation is implied. The graves are there to be seen, and the purchaser is charged with notice of the fact that the particular lot has been dedicated to burial purposes, and of the rights of descendants and relatives of those there buried. Burial lots, whether public or private, are not the subject of trade and commerce, and it is always presumed that they are not included in the sale of property which surrounds them. *Robertson* v. *Cemetery Co.*, 116 Tenn., 221, 93 S. W., 574; *Gardner* v. *Swan Point Cemetery*, 20 R. I., 646, 40 Atl., 871, 78 Am. St. Rep., 897; *Waldron's Case*, 26 R. I., 84, 58 Atl., 453, 67 L. R. A., 118, 106 Am. St. Rep., 688; *Thompson* v. *Hickey*, 59 How. Prac. (N. Y.), 434; *Stewart* v. *Garrett*, 119

Ga., 386, 46 S. E., 427, 64 L. R. A., 99, 100 Am. St. Rep., 179.

Nor is the right barred by the statute of limitations, so long as the lot is kept inclosed, or, if uninclosed, so long as the monuments and gravestones marking the graves are to be found there, or other attention is given to the graves, so as to show and perpetuate the sacred object and purpose to which the land has been devoted. No possession of the living is required in such cases, and there can be no actual ouster or adverse possession, to put in operation the statute of limitations, so long as the dead are there buried, their graves are marked, and any acts are done tending to preserve their memory and mark their last resting place. *Hook* v. *Joyce,* 94 Ky., 450, 22 S. W., 651, 21 L. R. A., 96.

We therefore hold that the desecration of such a burial ground, and the graves therein, and the wrongful obstruction of the easement of a right of way from the public road thereto, are misdemeanors, subject to punishment under the statutes applicable to offenses of this character.