### WILLINGHAM *v.* GEORGIA POWER COMPANY.

BELL, Justice. 1. Where a petition in a superior court contained allegations of fact pertinent to the grant of an interlocutory injunction restraining the defendant from interfering with the plaintiff's rights under an easement to construct and maintain lines for the transmission of electrical power over described land, followed by a prayer that "rule nisi issue against the defendant to .show cause why he should not be restrained and enjoined from maintaining the nuisance created upon petitioner's property, and the obstructions which now exist on the right of way of the petitioner," a prayer for an interlocutory injunction

to restrain the acts complained of was necessarily implied in the quoted prayer for rule nisi.

2. Under the allegations of the petition and the evidence introduced in support of them, the judge was authorized to find that the defendant persisted in maintaining on the premises stacks of lumber at such locations and of such heights as to interfere with easement rights granted to the plaintiff by the defendant's landlord, including the right to keep the premises clear of "obstructions that may . . in any way interfere or be likely to interfere with the proper operation" of the plaintiff's transmission lines, and that injunctive relief was necessary for the plaintiff's protection. *Bale* v. *Todd*, 123 *Ga.* 99 (5) (50 S. E. 990); *Kerlin* v. *Southern Bell Telephone & Telegraph Co.*, 191 *Ga.* 663 (3) (13 S. E. 2d, 790).

3. The injunction granted was not mandatory in character, nor was the judgment otherwise erroneous for any reason urged. *Georgia Southwestern & Gulf Railroad Co.* v. *Georgia-Alabama Power Co.*, 152 *Ga.* 174 (108 S. E. 521); *Denson* v. *Tarver*, 186 *Ga.* 180 (197 S. E. 242).

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., disqualified.*

No. 14030. APRIL 16, 1942.

*George W. Willingham, Grover Middlebrooks* and *Calvin Castlen*, for plaintiff in error.

*MacDougald, Troutman & Arkwright*, and *Dudley Cook*, contra.