## 21471. SAMS v. YOUNG.

QUILLIAN, Justice. This was a suit seeking to enjoin acts of the defendant, which the plaintiff alleged were a continuing trespass against his easement for a right of way over government land. The petition alleged that the United States Government, for the consideration of $50, granted the plaintiff L. R. Sams an easement to build and use a road over a defined route across certain described lands. The further averments of the petition were: that the plaintiff was the owner of, and in the exclusive possession of, an easement for the right of way; that he had employed a third party to grade and build a road on and over said land at the cost of $1,500; that the defendant had, without the plaintiff's knowledge or

consent, driven upon and over the road in his automobile; that the plaintiff had notified the defendant orally and by registered mail to keep off the road; that in a mutual discussion between the plaintiff and the defendant the latter had threatened to continue to use the road when he pleased, and the following day was again using the road; that each time the defendant uses the road it constitutes a separate and distinct trespass and the threat to use it when the defendant pleases constitutes a continuous trespass; that the actions are of a continuous or permanent nature, and to avoid a circuity and multiplicity of actions, it is necessary that a court of equity restrain and enjoin such use.

Attached to the petition as an exhibit, was an executed copy of the easement conveyance, the pertinent portions of which were: that the plaintiff, grantee, was granted a 20-year easement for a right of way for a road over certain described United States Government lands; that the construction, use and maintenance of such road would be performed without cost or expense to the United States and would meet certain stipulated requirements; that property of the United States damaged by use of the easement would be repaired or replaced by the grantee; that the use of the easement would be subject to rules and regulations prescribed; that the United States reserved the right to make connections between the road and other roads, and reserved to itself the use of the right of way. There was also a termination clause and further disavowal of liability by the grantor to the grantee or third parties, and a provision that the grantee should hold the United States harmless from any and all such claims.

The defendant interposed his general demurrer. After hearing arguments thereon, the trial judge sustained the demurrer. To this order the plaintiff excepted. *Held*:

While the conveyance does not state in express terms that the easement for the road therein granted is exclusive, except as to the grantor, we think that its purpose and intent was to convey to the plaintiff Sams the right to use the road, to the exclusion of all others except the grantor and the grantee's officers, agents, servants, employees, and invitees. This is apparent in view of the clause of the conveyance that "the United States shall not be responsible for damages to property or injuries to persons which may arise from or be incident

to the use and occupation of the said premises, nor for damages to the property of the grantee, or for injuries to the person of the grantee (if an individual), nor for damages to the property or injuries to the person of the grantee's officers, agents, servants, or employees, or others who may be on said premises at their invitation or the invitation of any one of them, arising from or incident to governmental activities, and the grantee shall hold the United States harmless from any and all such claims." Where the owners of an easement in a right of way are required to maintain and keep the same in repair, they are entitled to maintain an action to restrict the unauthorized use of such way, although they are not the owners of the fee. Greene v. Canny, 137 Mass. 64; 19 C.J. 998, § 261. See *Johnson & Co. v. Arnold,* 91 Ga. 659 (18 SE 370), and *Hogan v. Cowart,* 182 Ga. 145 (184 SE 884).

The instrument certainly vested in the plaintiff the right to use the road without hindrance or interference by the defendant, who had no right to travel over the same. It was, as to the defendant, the plaintiff's property. "In the instant case the allegations of the amended petition show a wrongful, continuing interference with a right to the exclusive use and benefit of property. This being so, it alleges a cause of action for equitable relief; any unlawful interference with a property right is a trespass, and it is well settled in this jurisdiction that equity will enjoin a continuing trespass." *Dowdell v. Cherry,* 209 Ga. 849 (76 SE2d 499).

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 8, 1962—DECIDED FEBRUARY 20, 1962— REHEARING DENIED MARCH 8, 1962.

*Edwards, Bentley, Awtry & Bartlett,* for plaintiff in error.
*Holcomb & McDuff, Robt. E. McDuff,* contra.

ON MOTION FOR REHEARING.

A principle particularly applicable to injunction to restrain interference with an easement is found in *Bale v. Todd,* 123 Ga. 99 (5) (50 SE 990): "The appropriate remedy for the disturbance of an easement is, not an action of trespass, but an action on the case, or, when such an action will not afford adequate

relief to the aggrieved party, an equitable proceeding to enjoin interference with the enjoyment of the easement." See also *Willingham v. Ga. Power Co.*, 193 Ga. 801 (20 SE2d 83).

*Motion for rehearing denied. All the Justices concur.*