**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 18, 2015**

# In the Court of Appeals of Georgia

A14A2101. AMAH v. WHITEFIELD ACADEMY, INC.                DO-104

DOYLE, Presiding Judge.

George U. Amah appeals from the grant of partial summary judgment to Whitefield Academy, Inc., in the Academy's suit against him for trespass, ejectment, lost use and enjoyment of property, declaratory and injunctive relief, and punitive damages. Amah contends that the trial court erred by (1) ruling that Whitefield's easement unambiguously established an unlimited use for access, and (2) relying on unauthenticated hearsay documents. For the reasons that follow, we affirm in part, reverse in part, and remand the case.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. On appeal

from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

The relevant portions of the record show that in 2003, the Academy acquired certain property that included a 20-foot easement over undeveloped property held by Amah's predecessor. The following year, Amah acquired his parcel and began the process of building a house on the property. During this process and thereafter, Amah allegedly encroached on several of his neighbors' property in various ways, including encroaching on the Academy's easement for ingress and egress, erecting fences, building decorative entryway features on property he did not own, and regrading neighboring property. After the parties were unable to resolve their disputes with Amah, Whitefield and the other neighbors sued Amah, seeking remedies including injunctive and declaratory relief, ejectment, and damages for trespass.

After Amah answered, the plaintiffs moved for partial summary judgment as to Amah's liability, reserving damages for trial. In two separate orders, the trial court

---

[1] (Punctuation and citation omitted.) *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003), quoting *Youngblood v. Gwinnett Rockdale &c.*, 273 Ga. 715, 717 (4) (545 SE2d 875) (2001), *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

granted partial summary judgment to the plaintiffs; one order addressed the Academy, and the other order addressed the other neighbors. Amah appeals the grant of partial summary judgment to the Academy, wherein the trial court ruled that the Academy had unrestricted use of the 20-foot wide easement incorporated in its deed.[2]

1. The Academy order resolves the debate as to the Academy's right to use a 20-foot easement recorded in 1983, explicitly referenced in the Academy's deed, and generally referenced in Amah's deed. Amah contends that the trial court erred by ruling as a matter of law that the easement grants the Academy unlimited access for any purpose without restriction. In particular, he contends that the easement grants a use only for residential purposes, but not for commercial or other purposes involving regular traffic by Academy school busses and trucks.

> A deed is a contract, and whether a deed and any documents incorporated in the deed by reference create an easement is a question of law that properly is resolved by the trial court to the extent that the deed is unambiguous or that any ambiguities can be resolved by application of accepted rules of construction. If the contract is clear and unambiguous, a court must enforce the contract according to its terms. If the contract is ambiguous, a court must apply the pertinent rules of

---

[2] The order addressing the other neighbors is not a part of this appeal, so we do not address any rulings as to those parties.

contract construction to resolve the ambiguity and determine the intent of the parties. But if an ambiguity remains even after the application of the rules of construction, the ambiguity must be resolved at trial by a jury.[3]

Here, the easement provides as follows, in relevant part:

Grantors [including Amah's predecessor] grant unto [the Academy's predecessor] . . . an easement for the purposes and uses hereinafter set forth over, through and across [certain property owned by Amah's predecessor]. Said property is adjacent to the south side of [Academy property] and this Easement is granted as app[u]rtenant thereto, *for the purpose of a non-exclusive easement for ingress and egress over, across and through said described property to and from a residence which [Academy's predecessor] have constructed.*[4]

Amah takes issue with the trial court's ruling that the emphasized language above unambiguously granted the Academy unlimited ingress and egress for any purpose. At the conclusion of the hearing, the trial court explained,

I don't think it was . . . the intention of the parties . . . [to limit the use for residential purposes. T]hey could have said that he can only use this

---

[3] (Citations omitted.) *Higginbotham v. Knight*, 312 Ga. App. 525, 528 (719 SE2d 1) (2011). See also *Roberson v. Leone*, 315 Ga. App. 459, 462 (726 SE2d 565) (2012) (whether a writing is ambiguous is a question of law for the court).

[4] (Emphasis supplied.)

for the purpose of accessing his residence. . . [I]t doesn't say any of this. . . [T]hey were just trying to describe more accurately to and from where it would go. And so it's not . . . an easement that is only useable for residential purposes. That's clearly not what the intention of the parties was.

But this ignores an equally plausible and opposite construction of the easement language, "for the purpose of . . . ingress and egress over [the servient estate] to and from a residence," i.e. that the purpose was to allow access to and from a residence.[5] Otherwise, the reference to the residence is superfluous, a disfavored construction under the rules of contract construction.[6] For example, the easement conveyed to Amah for his own access is described as "a non-exclusive perpetual right of ingress and egress to such property [Amah's property] over Field Road as shown on the . . . plat of survey." This language more plainly states that it is for ingress and egress "to . . . property," without limitation on the character or use of the property accessed. In

---

[5] See generally *Brown v. Tomlinson*, 246 Ga. 513, 514 (272 SE2d 258) (1980), quoting Black's Law Dictionary, ("An easement is the 'right in the owner of one parcel of land . . . to use the land of another for a *special purpose* not inconsistent with a general property in the owner.'") (emphasis supplied).

[6] See *Duke Galish, LLC v. Manton*, 308 Ga. App. 316, 319 (1) (707 SE2d 555) (2011) ("No contractual provision should be rendered meaningless, nor any of its terms mere surplusage.").

converse to the trial court's comments in reaching the opposite conclusion, had the drafters of the Academy's easement intended this more general access, they could have used this more general, unrestricted language.

In light of the uncertainty created by the language "ingress and egress . . . to and from a residence" in the Academy's easement, the trial court erred by ruling that the easement was clear and unambiguous.[7] In the face of such an ambiguity, the trial court should have applied the rules of statutory construction, including looking to the surrounding circumstances and considering parol evidence to explain the ambiguity.[8] If the court cannot resolve the ambiguity that way, then the issue must be submitted for trial.[9] Accordingly, the trial court erred by ruling as a matter of law on the present

---

[7] See generally *Kammerer Real Estate Holdings, LLC v. PLH Sandy Springs, LLC*, 319 Ga. App. 393, 396 (1) (740 SE2d 635) (2012) ("An ambiguity is defined as duplicity, indistinctness, an uncertainty of meaning or expression used in a written instrument, . . . open to various interpretations."), overruled on other grounds by *Artson, LLC v. Hudson*, 322 Ga. App. 859, 862, n. 1 (747 SE2d 68) (2013).

[8] See *Kammerer Real Estate Holdings*, 319 Ga. App. at 395-396 (1); *Duke Galish, LLC*, 308 Ga. App. at 319 (1) ("Although parol evidence is inadmissible to add to, take from, or vary a written contract, all the attendant and surrounding circumstances may be proved and, if there is an ambiguity, latent or patent, it may be explained.").

[9] See *Higginbotham v. Knight*, 312 Ga. App. at 530.

record that the Academy's easement granted it an unrestricted right of access for all purposes.

2. Amah also contends that the trial court erred by relying on unauthenticated hearsay documents referred to in the hearing and included as exhibits to motions in the record. As an initial matter, we note that the recorded deeds and easement at issue in this appeal are subject to the hearsay exception in OCGA § 24-8-803 (14)[10]:

> The following shall not be excluded by the hearsay rule, even though the declarant is available as a witness . . . (14) *Records of documents affecting an interest in property*. The record of a document purporting to establish or affect an interest in property, as proof of the content of the original recorded document and its execution and delivery by each person by whom it purports to have been executed, if the record is a record of a public office and an applicable law authorizes the recording of documents of that kind in such office. . . .[11]

---

[10] See generally *Doss v. Clearwater Title Co.*, 551 F3d 634, 640 (III) (7th Cir. 2008) ("Statements in documents affecting an interest in property do fall within an exception to the hearsay rule."). Because the hearing in this case was held after January 1, 2013, Georgia's New Evidence Code applied. "Given the similarity between Georgia's new Evidence Code and the Federal Rules of Evidence, it is proper that we give consideration and great weight to constructions placed on the Federal Rules by the federal courts." (Punctuation omitted.) *Rivers v. K-Mart Corp.*, 329 Ga. App. 495, 496-497 (1) (765 SE2d 671) (2014).

[11] (Emphasis in original.)

Further, because Amah did not object to the use of the documents presented to the trial court, he has presented no ruling to review as to the documents' lack of authentication.[12]

3. In light of our holding in Division 1, we conclude that the trial court correctly ejected Amah from encroaching on the Academy's 20-foot easement. What remains to be determined on remand is the scope of use authorized by the Academy's easement.

*Judgment affirmed in part and reversed in part; case remanded with direction.*

*Miller and Dillard, JJ., concur.*

---

[12] See, e.g., *Typographical Svc., Inc. v. Itek Corp.*, 721 F.2d 1317, 1320 (11th Cir. 1983) ("By failing to object when the records were tendered or to conduct a cross-examination limited to their admissibility at that time, [appellant] waived any objection to their admissibility.")