**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 3, 2019**

# In the Court of Appeals of Georgia

A19A0820. PATEL TAHERBHAI, INC. v. BROAD STREET STOCKBRIDGE II, LLC.

BROWN, Judge.

Patel Taherbhai, Inc. ("Patel") appeals from the trial court's denial of its motion for summary judgment and motion to dismiss, and the grant of partial summary judgment to Broad Street Stockbridge II, LLC ("Broad Street"), in Broad Street's suit against Patel for ejectment and injunctive relief. The suit claims that Patel constructed certain encroachments on an access easement granted to Broad Street over Patel's property, and that the encroachments are unsafe and diminish the value of Broad Street's property for development.

On appeal from the grant of summary judgment, this Court conducts "a de novo review of the evidence to determine whether there is a genuine issue of material fact

and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citations and punctuation omitted.) *Houston v. Flory*, 329 Ga. App. 882, 883 (766 SE2d 227) (2014). "Because this opinion addresses cross-motions for summary judgment, we will construe the facts in favor of the nonmoving party as appropriate." *Maree v. ROMAR Joint Venture*, 329 Ga. App. 282, 283 (763 SE2d 899) (2014). This Court reviews a trial court's ruling on a motion to dismiss de novo. See *Stafford v. Gareleck*, 330 Ga. App. 757, 758 (769 SE2d 169) (2015).

So viewed, the record shows that Broad Street is the owner of a 22.078 acre tract of undeveloped land located in Henry County off of Hudson Bridge Road. Patel is the owner of a 1.261 acre adjacent tract of land on which sits a Taco Bell restaurant.[1] On July 31, 2001, the parties' predecessors-in-interest entered into a Reciprocal Easement Agreement. Baptist Retirement Communities of Georgia, Inc., is the predecessor-in-title to Broad Street, and Kandathil M. Matthew is the predecessor-in-title to Patel. On April 26, 2004, Matthew and Baptist Retirement

---

[1] Both tracts of land are part of "The Centre at Stockbridge," which also includes a QuikTrip and other retail establishments.

executed a First Amendment to Reciprocal Easement Agreement, which granted to Baptist the following access easement:

> A perpetual, non-exclusive and unobstructed access, ingress and egress easement over, across, upon and through those portions of the Matthew Property delineated as the "Access Easement" on Exhibit "E[,]" for the purpose of vehicular and pedestrian access, ingress and egress to and from Hudson Bridge Road and for the purpose of installing, maintaining, repairing, replacing and utilizing the curb cuts, driveways and related amenities necessary to the improvement and modification of the Access Road shown on Exhibit "E[.]"

The "Access Road" or Hudson Bridge Drive, is a private road, designed and constructed by Baptist Retirement to provide access to its property from Hudson Bridge Road. The road extends across Patel's lot.

After purchasing its property in 2007, Patel completed construction of its Taco Bell restaurant and received a certificate of occupancy from Henry County on January 10, 2008. As part of the construction process, Patel altered the four-way intersection which is situated on the access easement and leads into the Taco Bell and Broad Street's property, so that larger vehicles could enter the Taco Bell parking lot and drive-thru line. Patel also modified the Taco Bell parking lot, including adding five

3

parking spots that extended into the access easement. Two years after the Taco Bell was constructed, Broad Street purchased its tract of land.

Almost five years after it received its certificate of occupancy, Patel's CEO, Munir Taherbhai, received a call from Broad Street's owner, Stephen Rainer, complaining about the parking lot and intersection. According to Taherbhai, he attempted to negotiate amicably with Rainer, but those negotiations fell apart when Rainer proposed certain modifications that Taherbhai believed "create[d] real safety issue[s]." Those modifications included turning the Taco Bell exit into a "right turn" only and narrowing the lane used to exit the Taco Bell. At one point during their discussions, and based upon pictures of the easement shown to him by Rainer, Taherbhai said to Rainer, "'Yes, there are some parking spots that are in the way [of the easement].'" Throughout the summer of 2013, and spring and summer of 2015, the parties corresponded through their respective attorneys about reconfiguring the parking spaces and intersection.

After the parties were unable to resolve their dispute, Broad Street filed this action on November 25, 2015, claiming that the "encroachments" create a safety hazard, violate the clear terms of the access easement, and diminish the value of its property. Broad Street sought an injunction ordering Patel to remove the

encroachments, and ejectment on the ground that Patel "is unlawfully attempting to exercise possession and dominion over [Broad Street's] Property . . . [and] has refused to vacate and surrender possession of [Broad Street's] Property and to remove Encroachments[.]" The complaint also seeks attorney fees.

After filing its answer, Patel moved for summary judgment and to dismiss the complaint. Patel argued that it was entitled to summary judgment because Broad Street was unable to support the elements of its claim for injunctive relief and attorney fees based upon Patel's alleged encroachment. Patel specifically asserted that (1) there was no evidence that the modifications substantially or materially interfered with the easement because Broad Street has enjoyed uninterrupted access to its property, (2) Broad Street consented to the modifications by failing to object during construction or for several years thereafter, and (3) for this same reason, Broad Street is equitably estopped from objecting to the modifications. In its motion to dismiss, Patel argued that Broad Street's complaint should be dismissed as time barred based upon OCGA § 9-3-30 (a) ("[a]ll actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues") or the seven-year statute of limitation applicable to an action for ejectment. Patel also argued that Broad

5

Street was guilty of laches and could not seek equitable relief when it allowed the modifications to remain for more than seven years before filing its complaint.

Broad Street subsequently moved for partial summary judgment on its claims for injunction and ejectment, contending that (1) it has clear title to the access easement, which is encroached upon by the modifications, and is, therefore, entitled to an ejectment, and (2) as the owner of a non-exclusive ingress/egress easement by grant in a street, Broad Street may enjoin Patel from erecting obstructions in that street or alley. Broad Street sought summary judgment in its favor, seeking to eject Patel's "encroachment from the easement area and enjoin[] [Patel] from trespassing on Plaintiff's access easement." Following a hearing, the trial court denied Patel's motion for summary judgment and its motion to dismiss, but granted Broad Street's motion for partial summary judgment, ruling that the parking lot unlawfully encroaches into the reciprocal access easement, and ordering Patel to "remove the encroaching parking spaces and restore the pavement within the easement to an unobstructed state." The trial court rejected Patel's defenses of laches, finding that even though "the encroachment was present when [Broad Street] first took title to its tract [in 2010] . . . there is no evidence that the remedy of ejectment, removal of the offending parking spaces and restoring the pavement within the easement to an

unobstructed state, would be any more burdensome in 2017 [than] it would have been in 2010." The trial court also rejected Patel's claim that the statute of limitation barred Broad Street's claims, ruling that no statute of limitation exists for an ejectment action, and that Patel did not obtain prescriptive title to the land that encroaches on the easement because it did not adversely possess the land for twenty years. Patel appeals these rulings.

1. In its first enumeration error, Patel contends that the trial court erred in granting Broad Street's motion for partial summary judgment because an action in ejectment will not lie to recover an easement. We agree.

"An easement has been defined as 'a right in the owner of one parcel of land, by reason of such ownership, to use the land of another for a special purpose not inconsistent with the general property in the owner.'" Daniel F. Hinkle, Pindar's Ga. Real Estate Law and Procedure, § 8-1 (7th ed., updated April 2019). An easement "is an interest in land owned and possessed by another" and "is classified as an incorporeal interest because it carries with it no appreciable degree of dominion over the land itself." Id. at § 8-1. "The land used by or 'serving' the grantee of the easement is known as the servient tenement; the land served by or benefitting from

7

the easement is known as the dominant tenement." Id. at § 8-2. In this case, Patel's land is the servient tenement and Broad Street's land is the dominant tenement.

Relying on *Navajo Constr. v. Brigham*, 271 Ga. App. 128 (608 SE2d 732) (2004), the trial court stated in its order that it is well established under Georgia law that an adjoining owner of real property may bring an action in ejectment against a neighboring land owner who has encroached over the boundary line of the two properties. Such an action may include recovery of the property thus encroached upon and/or removal of the intruding structure. Id. at 129. Citing to *Amah v. Whitefield Academy*, 331 Ga. App. 258 (770 SE2d 650) (2015), the trial court went on to conclude that this principle has been applied in cases of encroachment upon an easement, and approved the remedy of ejectment, ordering "removal of the offending parking spaces and restor[ation of] the pavement within the easement to an unobstructed state[.]"[2]

_____

[2] In *Amah*, the dominant tenement owner sued the servient tenement owner for encroaching on its easement for ingress and egress, seeking injunctive relief and ejectment. 331 Ga. App. at 258. The primary issue to be decided by this Court was whether an unrestricted easement had been granted. After concluding that the easement language was ambiguous, we held that "the trial court erred by ruling as a matter of law that the [dominant estate's] easement granted it an unrestricted right of access for all purposes." Id. at 261 (1). Based upon this holding, we concluded our opinion by stating: "[T]he trial court correctly ejected [the servient tenement owner] from encroaching on the [dominant tenement owner's] 20-foot easement. What

Our Supreme Court has explained that the purpose of an action for ejectment "is to evict one from realty who wrongfully withholds possession from the person legally entitled thereto [and that] [e]jectment must be commenced against the person in possession." (Citation omitted.) *Douglas v. Vourtsanis*, 203 Ga. 64, 66 (2) (45 SE2d 203) (1947). But, in *Stewart v. Garrett*, 119 Ga. 386, 387 (46 SE 427) (1904), the Supreme Court stated in a burial plot case that an action for ejectment will not lie for "such an easement or license." Id. at 387. See *McDonald v. Butler*, 10 Ga. App. 845, 850 (3) (74 SE 573) (1912). See also *Bale v. Todd*, 123 Ga. 99, 103 (5) (50 SE 990) (1905) ("[t]he proper remedy for the injury or disturbance of an easement is an action on the case, and not trespass or ejectment"); Pindar's at § 23:27 ("[o]wnership of a mere easement in land does not entitle a plaintiff to maintain an ejectment") .[3]

---

remains to be determined on remand is the scope of use authorized by the . . . easement." Id. at 262 (3).

[3] A Connecticut court has provided a thoughtful explanation for the reasoning behind this rule:

More than the possession of a right to an easement is needed in order to maintain an action in ejectment. It is the owner of the land which is subject to an easement who can by ejectment recover possession of that land. The action will not lie in favor of a party to try his right to enjoy the easement. The reason is obvious — the very subject-matter of

9

What is required to sustain an action for ejectment is well illustrated by the case of *Ezzard v. Findley Gold Mining Co.*, 74 Ga. 520 (58 Am. Rep. 445) (1885). In that case, the owner of land had erected a dam across a stream on his own land, causing water to overflow onto an adjoining owner's land. The adjoining owner brought an action for ejectment against the owner of the dam, and the Supreme Court of Georgia held that his remedy was not ejectment, but rather, an action for damages. The reasoning behind this holding was explained in a later case as follows:

> In [*Ezzard*] there was no ouster of possession. The conduct of the first-mentioned proprietor was such as to render the enjoyment by the other proprietor of his property less complete than it would have been but for the erection of the dam. It was said that there was no adverse holding of the land growing out of the fact that it was overflowed by water. The plaintiff was not injured by the direct occupation of his property, but the injury resulted as a consequence of the use to which the

> controversy is incorporeal. [I]t lyeth in grant, and not in livery. It is for that reason that the owner of a way cannot be disseized or otherwise ousted of it; he can only be "disturbed" or "obstructed" in its enjoyment. The action of ejectment does not lie for a mere right of way nor for a mere easement. Ejectment only lies for something tangible, something of which possession may be delivered by the sheriff.

(Citations and punctuation omitted.) *Waterbury Trust Co. v. G. L. D. Realty Co.*, 182 A. 466, 467 (1) (Conn. 1936).

10

defendant put his own property. The plaintiff was still in exclusive possession of every foot of land that he owned. His possession was not disturbed in the slightest. There was no ouster. His land was rendered less valuable by the wrongful act of the adjoining proprietor. He needed no remedy to recover possession. If he had been allowed to recover a verdict in the ejectment case, and the sheriff had gone to restore his possession, he would have found the plaintiff already in possession.

*Wachstein v. Christopher*, 128 Ga. 229, 232 (57 SE 511) (1907).

Having reviewed the characteristics of easements and the law of ejectment, we now turn to deciding whether it was appropriate for the trial court to order ejectment in this case. While *Navajo*, and cases similar to it, such as *MVP Investment Co. v. North Fulton Express Oil*, 282 Ga. App. 512, 513-514 (639 SE2d 533) (2006), correctly concluded that an action for ejectment was proper because the plaintiffs in those cases *owned* the land affected by an intruding or encroaching structure, this Court's conclusion in *Amah* was incorrect. Because the dominant tenement owner in that case did not own the land upon which the encroaching structures had been erected, it could not maintain an action for ejectment. Accordingly, we overrule

11

*Amah*, to the extent that it holds that ejectment is the proper remedy for a party who is disrupted or obstructed in the enjoyment of its easement.[4]

It is clear from *Ezzard* that an action for ejectment only lies for something tangible, something of which possession may be delivered by the sheriff to the plaintiff. Where a party's enjoyment of its easement is disrupted or obstructed, the remedy is an action for damages or injunction. See *Bale*, 123 Ga. at 103 (5).[5] As in

---

[4] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of overruling *Amah v. Whitefield Academy*, 331 Ga. App. 258 (770 SE2d 650) (2015).

[5] See also *Sams v. Young*, 217 Ga. 685, 687 (124 SE2d 386) (1962) ("[w]here the owners of an easement in a right of way are required to maintain and keep the same in repair, they are entitled to maintain an action to restrict the unauthorized use of such way, although they are not the owners of the fee") (citation omitted). Further, where the allegations of the complaint

> show a wrongful, continuing interference with a right to the exclusive use and benefit of property . . . it alleges a cause of action for equitable relief; any unlawful interference with a property right is a trespass, and it is well settled in this jurisdiction that equity will enjoin a continuing trespass.

(Citation and punctuation omitted.) Id. Indeed, "[t]he appropriate remedy for the disturbance of an easement is, not an action of trespass, but an action on the case, or, when such an action will not afford adequate relief to the aggrieved party, an equitable proceeding to enjoin interference with the enjoyment of the easement." (Citation and punctuation omitted.) Id. at 687-688. "Wherever the injury complained

12

*Ezzard*, here, an action for ejectment cannot lie because Broad Street is still in exclusive possession of every foot of land that it owns and its possession is not disrupted in the slightest. Indeed, if the sheriff were to go "restore [Broad Street's] possession, he would [find it] already in possession." This conclusion conforms with the rule that an action for ejectment will not lie for a mere easement. It follows, therefore, that the trial court erred in ejecting Patel from encroaching on the access easement, and in granting Broad Street's motion for summary judgment on the ground that it is entitled to the remedy of ejectment. Accordingly, the grant of summary judgment to Broad Street on its claim for ejectment is reversed.

2. As set out above, Broad Street also sought summary judgment on its claim for injunctive relief. While the trial court's order granted Broad Street's motion for partial summary judgment in its entirety, it made no specific ruling as to Broad Street's claim for injunctive relief. Indeed, the only time the trial court mentions injunctive relief in its order is when it states that Broad Street "filed its complaint on November 25, 2015, seeking injunctive relief. . . ." Moreover, as discussed in Division 1, supra, our reading of the trial court's order shows that its grant of Broad

---

of is irreparable, or the interference is of a permanent or continuous character, or the remedy at law by an action for damages will not afford adequate relief, injunction is a proper remedy." (Citation and punctuation omitted.) *Bale*, 123 Ga. at 103 (5).

13

Street's motion was based solely on an erroneous legal theory, i.e., that an action for ejectment lies against Patel pursuant to *Navajo* and *Amah*. Because the trial court made no specific findings as to Broad Street's claim for injunctive relief, but nonetheless granted Broad Street's motion for summary judgment on this claim, we conclude that any ruling as to the claim for injunctive relief also was based upon the erroneous legal theory that Broad Street's ownership of the access easement entitled it to maintain an action for ejectment. Given these circumstances, "we [will] not in [this appeal] address the propriety of the trial court's grant of injunctive relief." *Sentinel Offender Svcs. v. Glover*, 296 Ga. 315, 336 (6) (766 SE2d 456) (2014). But, to the extent the trial court's order grants injunctive relief to Broad Street, that ruling is reversed, and the case is remanded to the trial court for reconsideration of Broad Street's motion for summary judgment on its claim for injunctive relief in light of this opinion. See id. See also *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002) (where it is apparent that trial court relied on an erroneous legal theory, appellate courts have the discretion to perform an independent de novo review to determine whether summary judgment was proper for another reason, or remand the case to the trial court for further proceedings), affirming *Dodd v. City of Gainesville*, 250 Ga. App. 722, 724 (3) (551 SE2d 62) (2001) ("[w]hile it is true that

14

a trial court's grant of summary judgment will be affirmed if it is right for any reason, this is true only if it is not apparent that the trial court relied on an erroneous legal theory").

3. Patel next contends that Broad Street's only remedy lies in tort and that Broad Street's "remaining claim for trespass" is barred by the four-year statute of limitation applicable to actions for damages to property. Although Broad Street's complaint asserts express causes of action for injunctive relief, ejectment, and attorney fees, it alleges in its claim for injunctive relief that "it is without an adequate remedy at law to prevent this continuing trespass and interference by the Defendant." In our view, Broad Street's complaint does not assert a separate claim for trespass, and the trial court did not err by failing to dismiss a non-existent claim. Indeed, in its response to Patel's motion to dismiss, Broad Street conceded that its "claim is one to enforce property rights, not recover for trespass."

4. Finally, Patel contends that the trial court should have granted its motion to dismiss based upon laches. In its order, the trial court ruled as follows:

> [E]ven assuming the delays were "inexcusable[,]" there is likewise no evidence that the delays would prejudice [Patel] in any way. As previously noted, the encroachment was present when [Broad Street] first took title to its tract. Even if [Broad Street] filed its *ejectment action*

15

the next day, there is no evidence that the *remedy of ejectment*, removal of the offending parking spaces and restoring the pavement within the easement to an unobstructed state, would be any more burdensome in 2017 that it would have been in 2010. Thus, the defense of laches does not apply.

(Emphasis supplied.)

By so ruling, the trial court effectively concluded that Broad Street could assert its claim for ejectment because it was not guilty of laches. But, this conclusion of law is incorrect. "[I]t is a longstanding and well-established rule that the doctrine of laches is an equitable defense which is not applicable to actions at law." (Citation and punctuation omitted.) *Robinson v. Boyd*, 288 Ga. 53, 57-58 (3) (701 SE2d 165) (2010). An action for ejectment is an action at law. See, e.g., *Vaughan v. Vaughan*, 253 Ga. 76, 77 (317 SE2d 201) (1984); *White v. Gordon*, 213 Ga. 730 (101 SE2d 759) (1958); *Mentone Hotel & Realty Co. v. Taylor*, 161 Ga. 237 (1) (130 SE 527) (1925); *Nix v. Collins*, 65 Ga. 219, 220 (1880). Accordingly, laches does not apply, and Patel may not avail itself of the doctrine in defense of Broad Street's claim for ejectment.

Although the trial court's ultimate conclusion that the doctrine of laches does not apply to Broad Street's claim for ejectment is correct, it did not rule upon the

16

defense as a ground for dismissing Broad Street's claim for *injunctive relief*. Accordingly, we vacate the denial of Patel's motion to dismiss and remand this case for further proceedings. See *Dodd*, 250 Ga. App. at 725 (3).

In sum, we reverse the grant of summary judgment to Broad Street on its claim of ejectment. To the extent the trial court's order also granted summary judgment to Broad Street on its claim for injunctive relief, we reverse that ruling as well, and remand the case for the trial court to reconsider whether summary judgment in favor of Broad Street is appropriate on its claim for injunctive relief in light of this opinion. Finally, we vacate the denial of Patel's motion to dismiss and remand this case for the trial court to reconsider the motion and whether the doctrine of laches applies to Broad Street's claim for injunctive relief.

*Judgment reversed in part, vacated in part, and case remanded with direction. Barnes, P. J., and Mercier, J., concur.*

17